Arthur A. Everts Company v. Commissioner.
Arthur A. Everts Co. v. Commissioner
Docket No. 19125.
United States Tax Court
1949 Tax Ct. Memo LEXIS 112; 8 T.C.M. (CCH) 707; T.C.M. (RIA) 49189; August 12, 1949
*112 BLACK Order Granting Respondent Leave to File Amendment to Answer BLACK, Judge: For reasons stated in the memorandum which accompanies this order, respondent's motion filed May 16, 1949, asking for leave to file amendment to answer is granted. Petitioner is granted the time provided by Rule 15 of the Rules of Practice of this Court to reply to the affirmative allegations contained in respondent's amended answer. Memorandum to Accompany Order Granting Respondent's Motion for Leave to File Amendment to Answer BLACK, Judge: On May 16, 1949 respondent filed Motion for Special Leave to File Motion to Vacate. This motion was granted May 18, 1949. Thereupon respondent's motion to vacate was duly filed May 18, 1949. On May 18, 1949 we entered an order "that the decision of this Court heretofore entered in this proceeding on February 21, 1949 be and it is hereby vacated, set aside and held for naught." On May 16, 1949 respondent filed Motion for Leave to File Amendment to Answer and accompanied such motion by a copy of the amendment to answer which he proposed to file. The motion by respondent for leave to file amendment to answer was set for hearing in Washington, D.C. and *113 the hearing on such motion was held June 29, 1949 at which appeared counsel for petitioner and counsel for respondent and argued their respective viewpoints. Also prior to the hearing on respondent's said motion, petitioner filed "Memorandum Brief in Support of Petitioner's Objections to Respondent's Motion to File Amendment to His Answer." This brief has been carefully read and considered. As we understand petitioner's argument against the granting of respondent's motion it boils down to this: The parties entered into a stipulation completely settling the issues raised by the Commissioner's deficiency notice of April 22, 1948 and petitioner's appeal therefrom and the Tax Court has entered a decision in accordance with this stipulation on February 21, 1949; that the affirmative allegations including fraud which respondent seeks to raise in his amended answer are not connected with the issues already settled by stipulation and that if respondent is to raise these new issues, he should do so by issuing a new deficiency notice under section 272(f), I.R.C.Section 272(f), I.R.C. reads as follows: "(f) Further Deficiency Letters Restricted. - If the Commissioner *114 has mailed to the taxpayer notice of a deficiency as provided in subsection (a) of this section, and the taxpayer files a petition with the Board within the time prescribed in such subsection, the Commissioner shall have no right to determine any additional deficiency in respect of the same taxable year, except in the case of fraud, and except as provided in subsection (e) of this section, relating to assertion of greater deficiencies before the Board, or in section 273(c), relating to the making of jeopardy assessments. * * *" It is true, of course, that if we should deny respondent's motion to amend his answer and raise the new issues contained in his affirmative allegations, including fraud, he could issue a new deficiency notice as provided under section 272(f), but since the matter is now before us in its present form, we do not believe we should take the course which petitioner suggests. We do not see where petitioner will be disadvantaged by our allowing respondent to amend his answer rather than of putting him to the necessity of issuing a new deficiency notice under section 272(f). If we allow respondent to amend his answer and affirmatively raise the issues which he seeks *115 to raise, it will mean that the burden of proof will not only be upon respondent to prove fraud but he will also have the burden of proof to sustain the increased deficiencies which he seeks. Therefore, premises considered, we think an order should be entered allowing respondent to file amendment to his answer as prayed in his said motion.