Constantine **MACRIS**, Plaintiff,

v.

**SOCIEDAD MARITIMA SAN NICOLAS, S.A. and Petmar Agencies, Inc., Defendants.**

United States District Court
S. D. New York.
Dec. 31, 1955.

Jacob Rassner, New York City, for plaintiff.

Renato C. Giallorenzi, New York City, for defendants.

WALSH, District Judge.

This was an action by a seaman against his employer to recover for disability resulting from effects of anesthesia administered in an operation to repair a hernia. He claimed that the hernia had been aggravated by acts and omissions of the defendants during a voyage from Baltimore, Maryland to Japan and return to San Francisco, and that this aggravation made necessary two operations instead of one and thereby caused the disability complained of. At the close of the case, his claim was dismissed for failure to prove any change of condition during the voyage. Thereafter, he sought to amend his complaint to state a claim for the original hernia and its ag-

gravation during the voyage prior to arrival in Baltimore.[1] This motion was denied and plaintiff now seeks reargument.

Plaintiff is a Greek national; defendant Sociedad Maritima San Nicolas, S.A., a Panamanian Corporation; and defendant Petmar Agencies, Inc., a Delaware Corporation. The vessel on which plaintiff was employed is of Liberian registry.

Plaintiff was employed in Greece as Second Mate. From there the vessel sailed to Bremen, Germany; Santos, Brazil; and then to Baltimore, Maryland. In Bremen, plaintiff sustained a hernia. He was examined there and in Santos. In Baltimore he signed off the vessel for return to Greece for treatment, but, faced with a few days detention at Ellis Island awaiting the ship to carry him to Greece, he, at his own request, signed back on and made the trip from Baltimore to Japan and back to this country. Plaintiff limited his claim to aggravation of his condition after his re-employment in Baltimore. By so doing he believed that he strengthened his contention that this Court should assume jurisdiction of the subject matter and that the Jones Act, 46 U.S.C.A. § 688, was applicable. This position was maintained consistently throughout the trial. Plaintiff did offer proof of the prior events at Bremen and Santos, but this proof was received solely upon the issue of defendants' duty subsequent to re-employment in Baltimore—not as to possible fault of the defendants in Bremen or between Bremen and Baltimore. Defendants objected to its receipt for any purpose. Plaintiff acquiesced in the Court's limitation. He did not at that time seek to amend his complaint.

■ Plaintiff's motion to amend, at the close of the trial, was made under Rule 15(b), Federal Rules of Civil Procedure, 28 U.S.C.A., as a motion to conform the pleadings to the evidence. This

---

1. At the close of his case, before the ruling of the Court, plaintiff's counsel moved perfunctorily to conform the pleadings to the evidence but declined to state in what particulars amendment was sought.

was not a proper case for amendment under Rule 15(b) because proof had not been taken as to the claim attempted to be added to the complaint, except as incidental to other matters.[2] Even to this extent it was taken not with the express or implied consent of the defendants but over their objection.

With respect to amendments under this subdivision Professor Moore says:

"The purpose of an amendment to conform to proof is to bring the pleadings in line with the actual issues upon which the case was tried; therefore an amendment after judgment is not permissible which brings in some entirely extrinsic issue or changes the theory on which the case was actually tried, even though there is evidence in the record—introduced as relevant to some other issue—which would support the amendment. * * *" 3 Moore's Federal Practice 846–47.

Simms v. Andrews, 10 Cir., 118 F.2d 803, 807, held that amendment of a pleading under comparable circumstances was not proper. The court said:

"* * * When the Trustee amended his pleadings, however, he did not amend them to conform to the proof, but set up an entirely new defense to the claim of the government. For the first time he pleaded the statute of limitations. This was not one of the issues in the original trial. Any evidence introduced at the time of the trial tending to bear on the statute of limitations was incidental to the question of notice and was not introduced for the purpose of this defense. An amendment after judgment stating a new cause of action or a new defense is not permissible under the guise of conforming the pleadings to the proof and the court was right in striking the amendments from the records and reinstating the original judgment. * * *"

See also United States v. City of Brookhaven, 5 Cir., 134 F.2d 442, 446; Nordstrom v. McAllister Brothers, Inc., S.D. N.Y., 9 F.R.Service, 15b 1, Case 5. The proposed new claim, not having been an issue tried by express or implied consent of the parties, was not an amendment authorized by Rule 15(b).

The amendment sought is perhaps within the power of the court under sub-

---

**2.** Indeed there was no proof of lack of seaworthiness of the vessel or negligence of defendants. Plaintiff was second mate. While tying up to the pier in Bremen, plaintiff was in charge of the crew on the stern. One line had been put ashore and was taken to the niggerhead of the winch. A second line was put ashore and it was necessary to heave in the slack by hand. Plaintiff, at the direction of the master, joined with the crew in pulling on the line and in the course of this work sustained his hernia. There was no claim that the crew was inadequate. The claim of fault in so far as the causation of the injury was concerned apparently is that plaintiff was required to do something which was not the duty of the second mate, a claim supported only by plaintiff's own opinion.

After the plaintiff's injury was disclosed, the master had him examined by a doctor in Bremen. The doctor found that the plaintiff had the beginning of a hernia on both sides. An immediate operation was not recommended. At the next port of call, Santos, Brazil, plaintiff was again examined by a doctor who recommended the wearing of an elastic belt which was purchased for plaintiff and worn until he arrived in Baltimore. When examined in Baltimore both by a private physician and the Marine Hospital, plaintiff was found to have a double hernia ready for operation but not one for which operation was urgent. He was found fit for light duty.

Neither the medical records nor the other proof gives any basis for concluding that the treatment and examination the plaintiff had received to that date were inadequate or improper. The wisdom of withholding an immediate operation was not litigated, although one of plaintiff's medical experts did testify that an early operation would have been much simpler than the one plaintiff ultimately underwent.

division (a) of Rule 15,[3] but even if it were within the power of the court under either subdivision (a) or subdivision (b), this was not a case in which the power should have been exercised. Plaintiff's failure to move to amend in advance of trial was deliberate and not excusable. Plaintiff's trial counsel had been retained nine months before trial. The case had been sent out for trial and settlement negotiations abandoned one week before the trial actually commenced. Even busy trial counsel had had adequate opportunity to familiarize himself with the case and to make his final decision as to the theory on which he intended to proceed. None of the testimony at the trial was unanticipated.

Plaintiff's counsel claims that the amendment should be allowed because defendants' counsel was not surprised. Plaintiff's counsel had in fact badgered his opponent with the *possibility* of this amendment and with others which he never requested [4] but he had never given notice of an intent to amend. The discussion of possible amendments was

merely an incident in a war of nerves designed to keep defendants and the court guessing as to what plaintiff's claim would ultimately prove to be. These are tactics a court should decline to aid or abet.

Plaintiff's motion for reargument of the denial of leave to amend is denied.

■ There remains the question of the amount to which plaintiff is entitled as maintenance and cure. It is my conclusion that he should receive $8 a day for a period from July 17, 1952 when he left the vessel, until January 5, 1953, except for the period from July 31, 1952 to September 24, 1952, when he was a patient in the Marine Hospital at Staten Island. After January 5, 1953 he was not entitled to maintenance and cure because he failed to return to the Marine Hospital for further treatment as directed.

This leaves as a possible basis for future action his claim based upon a corrective operation and recuperation therefrom if one is had.

It is so ordered.

3. It is said that this power may be exercised even after trial. 1 Barron and Holtzoff Federal Practice and Procedure 889, Section 446.

4. For example, during settlement conference plaintiff's counsel also threatened to amend the complaint to charge defendants with alleged inadequate treatment by the Marine Hospital as their agent. At the opening of the trial he disclaimed any such theory of liability.