Constantine MACRIS, Plaintiff-Appellant,

v.

SOCIEDAD MARITIMA SAN NICOLAS, S.A., and Petmar Agencies, Inc., also known as P. D. Marchessini and Co. Inc., Defendants-Appellees.

No. 35, Docket 25593.

United States Court of Appeals Second Circuit.

Submitted Nov. 5, 1959.

Decided Nov. 20, 1959.

Jacob Rassner, New York City, for plaintiff-appellant.

Giallorenzi & Cichanowicz, New York City (Renato C. Giallorenzi and Paul M. Jones, New York City, of counsel), for defendants-appellees.

Before CLARK, Chief Judge, and HINCKS and WATERMAN, Circuit Judges.

PER CURIAM.

This is a seaman's action brought on October 9, 1958 under the Jones Act, 46 U.S.C.A. § 688, and general maritime law to recover for an injury sustained aboard ship in Bremen on January 8, 1952 when the plaintiff allegedly was improperly ordered to pull on a rope and as a result his "strength was overtaxed." Recovery is also sought for aggravation of the plaintiff's injury suffered in the ensuing voyage from Bremen to Baltimore.

The court below granted the defendants' motion for summary judgment which raised the defenses of *res judicata*, statute of limitations, and of laches. The undisputed motion papers showed the following facts. A prior action had been brought in 1952 by the same plaintiff against the same defendants or their privies to recover for the aggravation of the injuries sustained in Bremen in

958

January 1952 which occurred during a voyage subsequent to the Bremen-Baltimore voyage. After an adverse decision on the merits at the close of the plaintiff's case, the plaintiff had thereupon moved for leave to amend his complaint to allege as additional grounds of recovery the basic injury in Bremen and its aggravation in the Bremen-Baltimore voyage. This motion was denied in an opinion reported in D.C., 19 F.R.D. 397 and judgment was entered on January 18, 1956 dismissing the plaintiff's complaint except for the count based on claimed maintenance and cure. This judgment was affirmed on appeal, 2 Cir., 245 F.2d 708, and certiorari was denied, 355 U.S. 922, 78 S.Ct. 364, 2 L.Ed.2d 353.

The action below granting the defendants' motion for summary judgment was plainly right. The prior action had been unequivocally and finally dismissed on the merits, even though the plaintiff had selected as the only ground of appeal the denial of the motion to amend. Since the claim raised in the pending case, if the plaintiff had seasonably chosen to do so, might have been presented in the prior action and was indeed part of the same claim, the defense of *res judicata* was good. Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832; Williamson v. Columbia Gas & Electric Corp., 3 Cir., 186 F.2d 464, certiorari denied 341 U.S. 921, 71 S.Ct. 743, 95 L.Ed. 1355. Cf. Moore's Federal Practice § 2.06[6].

Moreover, the action below, which had been brought not until over six years subsequent to the date of the plaintiff's alleged injury, was time-barred. The claim under the Jones Act was barred by 45 U.S.C.A. § 56. The claim under the general maritime law, at least in view of the plaintiff's conduct set forth in our earlier opinion, was barred by laches. LeGate v. The Panamolga, 2 Cir., 221 F.2d 689.

Nor does Section 23 of the New York Civil Practice Act relieve the plaintiff from the time-bar. For that section, even assuming its general applicability to federal cases such as this, is at most applicable to permit the commencement of "a new action for the same cause." And if the present action be deemed one "for the same cause," the situation does not fall within Section 23. For the earlier action "for the same cause" went to judgment on the merits and was not terminated, as prescribed by Section 23, "in any other manner than by * * * a final judgment upon the merits."

Affirmed.