**Rowland G. WEBB, Plaintiff,**

v.

**UNITED STATES LINES COMPANY, Defendant.**

United States District Court
S. D. New York.
June 6, 1960.

James F. Petrucci, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendant; James B. Magnor, New York City, Henry J. O'Brien, Buffalo, N. Y., and Joseph P. Ritorto, Brooklyn, N. Y., of counsel.

598

FREDERICK van PELT BRYAN, District Judge.

Plaintiff, a seaman, sues for alleged failure of defendant shipowner to furnish prompt, proper and adequate medical care for injuries suffered aboard ship on November 7, 1956. His complaint also alleges that the vessel was unseaworthy because employees aboard ship were "not equal in disposition to the ordinary men of the calling" and did not supply proper medical care or call for medical assistance from other vessels or ashore, or place plaintiff ashore when he was injured.

Defendant moves for summary judgment under Rule 56, F.R.Civ.P., 28 U.S. C.A., on the ground of res judicata.

A prior action was brought by this plaintiff in this court to recover damages for the injuries he suffered aboard ship on November 7, 1956 due to a fall from a ladder, the same injuries involved here. That action, under the Jones Act, 46 U.S. C.A. § 688, for unseaworthiness and for maintenance and cure was tried to a jury and there was a verdict of $5,750 in plaintiff's favor. On appeal by the plaintiff, largely on the ground that the verdict was inadequate, the judgment was affirmed by the Court of Appeals (2 Cir., 266 F.2d 211).

During the course of the trial, after it had gone on for three days, the trial court denied a motion by plaintiff to amend his complaint to include a claim for failure to treat, which had not been previously asserted. The denial was on the sound ground that the defendant was surprised by the "eleventh hour" assertion of this additional claim and was in no position to defend against it. The plaintiff did not raise the denial of his motion to amend on his appeal.

Now, some months after judgment in his favor has been affirmed, plaintiff brings an entirely new suit for failure to treat and what he calls unseaworthiness for the very same injuries upon which he has already recovered judgment. He is not entitled to do so for the judgment is res judicata on his present claims. This is made too plain for discussion by Macris v. Sociedad Maritima San Nicolas, S.A., 2 Cir., 271 F.2d 956, 78 S.Ct. 364, 2 L.Ed.2d 353.

Indeed, the defendant's position here is stronger than in the Macric case. There the plaintiff's prior action to recover for alleged aggravation of injuries which were the subject matter of the subsequent suit had resulted in an *adverse* decision on the merits. Here there was a verdict in plaintiff's favor. Since the plaintiff's condition at the time of trial and the course of his recovery was before the jury, its verdict must necessarily have included an award for at least some elements of the claim he now seeks to assert.

The motion for summary judgment in favor of defendant is granted.

It is so ordered.