EUGENE BURKE AND KATHLEEN BURKE, PETITIONERS
*v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 15933–92.                    Filed July 26, 1995.

*Robert J. Alter* and *Richard J. Sapinski,* for petitioners.
*Monica E. Koch* and *Janet F. Appel,* for respondent.

## OPINION

HALPERN, *Judge:* This matter is before the Court on the parties' motions for summary judgment (respondent's motion and petitioners' motion, respectively). Both petitioners and respondent have moved for summary adjudication with regard to a question of res judicata. The question is whether the rule of res judicata precludes respondent from litigating an additional deficiency in tax (and additions to tax) on account of petitioners' alleged fraud. In part because of an agreement between the parties, our granting of either respondent's or petitioners' motion will resolve all issues in this case.

Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Respondent has set forth certain facts in support of her motion that are undisputed by petitioners. Certain averments in the pleadings also are undisputed. We will accept

those undisputed facts and averments as true for purposes of disposing of respondent's and petitioners' motions.

*General*

Petitioners are calendar year taxpayers, who made a joint return of Federal income tax for 1987, the taxable year here in question. Petitioners resided in Brooklyn, New York, at the time the petition was filed.

*The First Proceeding*

On December 13, 1989, respondent mailed to petitioners a statutory notice of deficiency for 1987 (the first notice of deficiency), in which respondent determined that petitioners had underreported their taxable income by $1,015 and had claimed an erroneous deduction of $20. On March 19, 1990, petitioners timely filed a petition with this Court, contesting the adjustments set forth in the first notice of deficiency (the first proceeding).[1]

In a letter to petitioners' counsel dated September 10, 1990, respondent offered to concede all of the adjustments determined in the first notice of deficiency. Respondent enclosed with that letter a copy of a proposed decision document, which reflected no deficiency in petitioners' 1987 income tax or additions to tax (the proposed decision document). Respondent requested that the proposed decision document be signed by petitioners' counsel and returned to respondent for filing with the Court.

In a letter dated November 1, 1990, respondent's counsel again sent a copy of the proposed decision document to petitioners' counsel and requested that it be signed and returned to respondent.

In a letter to respondent's counsel dated November 5, 1990, petitioners' counsel responded to the "recent correspondence" regarding the proposed decision document. Petitioners' counsel stated that petitioners understood that a criminal tax fraud referral report (fraud referral report) had been made by one of respondent's revenue agents and that facts underlying the fraud referral report led the revenue agent to conclude that adjustments should be made to petitioners' 1987 return. Petitioners' counsel concluded the letter by stating:

[1] Docket No. 4930–90.

"In view of the pending criminal referral, if you still wish to stipulate that these taxpayers owe no additional tax or penalty for 1987 please advise my office."

In a letter to petitioners' counsel dated November 15, 1990, respondent's counsel responded as follows:

> In response to your letter of November 5, 1990, please be advised that this office has no knowledge of a fraud referral report being issued for the 1987 tax year of Eugene and Kathleen Burke.
>
> We would ask that you execute the decision document previously sent to you to bring the proceedings in this docketed case to a close.

Petitioners' counsel did not sign the proposed decision document. Rather, petitioners' counsel moved for an evidentiary hearing. Petitioners' counsel also caused a subpoena duces tecum (subpoena) to be issued to the revenue agent who was responsible for the alleged fraud referral report. The subpoena was returnable at the proposed evidentiary hearing, which was to take place during a trial session of this Court on February 11, 1991, in Newark, New Jersey. Petitioners' counsel ,asked for the evidentiary hearing in order to establish a record in the first proceeding regarding the existence and status of the alleged fraud investigation of petitioners for 1987. In particular, petitioners' counsel wanted to preserve evidence that might be used in a later proceeding in the event that respondent issued a second notice of deficiency based on fraud for 1987. Petitioners' counsel's request was based upon his understanding of this Court's opinion in *Zackim v. Commissioner,* 91 T.C. 1001 (1988), revd. 887 F.2d 455 (3d Cir. 1989).

On February 11, 1991, a hearing (the February 11 hearing) was held on petitioners' motion for an evidentiary hearing. At the February 11 hearing, respondent both opposed petitioners' request for the evidentiary hearing and filed a motion to quash the subpoena on the grounds that petitioners' liability for civil fraud for 1987 was not raised in the first notice of deficiency or in respondent's answer. Therefore, respondent argued, petitioners' liability for civil tax fraud was not before the Court. Respondent also requested that the Court enter a final decision document reflecting respondent's concession of the two adjustments set forth in the first notice of deficiency.

At the February 11 hearing, the presiding Judge informed the parties as follows: (1) Respondent's motion to quash the subpoena would be granted; (2) petitioners' motion for an evidentiary hearing as to the status of any criminal tax fraud investigation of petitioners would be denied; and (3) a decision reflecting respondent's concession of the two tax adjustments and reflecting no deficiency or additions to tax due from·petitioners for 1987 would be entered.

On May 8, 1991, respondent filed a motion for leave to file an amendment to answer out of time (motion to amend answer). The proposed amendment to answer sought, among other things, to increase the deficiency determined against petitioners for 1987 and to impose certain additions to tax for fraud on virtually all of the increased deficiency. In the proposed amendment, respondent averred that petitioners had failed to report income of $942,189 from Natal Contracting & Building Corp. (Natal).

On May 15, 1991, petitioners filed an objection to respondent's motion to amend answer.

On May 17, 1991, the Court entered a final order and decision. In that decision the Court denied respondent's motion ·to amend answer. The decision was not appealed by either party.

*The Second Proceeding*

On May 20, 1992, respondent mailed to petitioners a notice of deficiency (second notice of deficiency), in which respondent determined that petitioners did not report on their 1987 joint Federal income tax return $942,189 of income received from Natal and that petitioners' failure to report that income was attributable to fraud under section 6653(b).

On July 14, 1992, petitioners filed a petition, which is the basis for this case, contesting respondent's determination as set forth in the second notice of deficiency (the second proceeding). In that petition, petitioners set forth res judicata as an affirmative defense. On February 18, 1994, respondent filed respondent's motion. On March 22, 1994, petitioners filed petitioners' motion.

## *Discussion*

### I. *Summary Judgment*

There is no genuine issue as to any material fact. That being the case, the issue presented is purely a matter of law. Accordingly, the issue is ripe for summary adjudication. Rule 121(b).

### II. *Issue*

Under the rule of res judicata, as it applies in the Federal income tax law, a Tax Court decision generally precludes the Commissioner from litigating an additional deficiency of income tax for the same tax year. See *Commissioner v. Sunnen,* 333 U.S. 591, 598 (1948). The question is whether that aspect of the rule of res judicata, i.e., claim preclusion, applies in this case. The relevant statutory provision is section 6212(c)(1), which, in pertinent part, provides as follows:

GENERAL RULE.—If the Secretary has mailed to the taxpayer a notice of deficiency as provided in subsection (a), and the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), the Secretary shall have no right to determine any additional deficiency of income tax for the same taxable year, * * * except in the case of fraud, * * *.

Thus, generally, the Commissioner may not issue a second notice of income tax deficiency for the same taxable year; an exception to that rule is provided in the case of fraud. In *Zackim v. Commissioner,* 91 T.C. 1001 (1988), we held that the fraud exception to the general rule of section 6212(c)(1) does not absolutely bar a defense based on the rule of res judicata. In *Zackim,* we found that, although the Commissioner had ample opportunity to raise the issue of fraud in the first proceeding, she had not. *Id.* at 1007. We examined the legislative history of section 6212(c) and concluded that, in that case, the rule of res judicata precluded the Commissioner from litigating, assessing, and collecting an increased deficiency and an addition to tax for fraud. *Id.* at 1010. The Court of Appeals for the Third Circuit disagreed and reversed our decision. *Zackim v. Commissioner,* 887 F.2d 455 (3d Cir. 1989).

### III. *Arguments of the Parties*

#### A. *Petitioners' Arguments*

Petitioners' primary argument is that, regardless of the scope of respondent's authority under section 6212(c)(1), respondent is barred from issuing the second notice of deficiency here because respondent failed to appeal the denial of the motion to amend answer in the first proceeding. Alternatively, petitioners, citing this Court's opinion in *Zackim v. Commissioner, supra,* contend that a second notice of deficiency that is based on fraud-related deficiencies and fraud additions to tax cannot be issued when the deficiency and fraud are discovered before the final decision of the Tax Court involving the same petitioners and same taxable year.

#### B. *Respondent's Arguments*

Respondent's motion is based on two arguments. First, respondent asks that the Court reconsider its opinion in *Zackim v. Commissioner, supra,* in light of the Court of Appeals for the Third Circuit's reversal of the decision in that case. Respondent urges that we overrule our decision in *Zackim* and hold that claim preclusion does not apply in the case of fraud. Alternatively, respondent argues that, even if the Court does not overrule *Zackim,* respondent's motion should be granted because respondent complied with the *Zackim* opinion by attempting to amend her answer in the first proceeding.

### IV. *Analysis*

#### A. *Failure To Appeal in First Proceeding Does Not Bar Respondent*

Respondent did not appeal the denial of the motion to amend answer. That resulted in a final decision. Sec. 7481(a)(1). Thus, petitioners contend that, even if we were to overrule our prior opinion in *Zackim v. Commissioner, supra* (as respondent has requested), the issues raised in the second notice of deficiency are barred under the rule of res judicata because they were raised and settled in the denial of the motion to amend answer. We think that petitioners misunderstand the role that section 6212(c) plays in determining

whether a claim in a second notice of deficiency is barred under the rule of res judicata.

Any claim of res judicata must begin with a determination of the things that were settled and the claims that should have been made in the earlier proceeding. For a discussion of res judicata as it encompasses both issue (collateral estoppel) and claim preclusion, see 18 Wright et al., Federal Practice and Procedure, sec. 4402 (1981 & Supp. 1988). For a more particularized discussion of claim preclusion, see 18 Wright et al., *supra* sec. 4407. To determine whether claim preclusion applies, Federal courts in *other* types of cases will often analyze, for example, whether the allegedly barred claim arose from a "common nucleus of operative facts" that were the basis for the claims asserted in the earlier proceeding. *Poe v. John Deere Co.,* 695 F.2d 1103, 1106 (8th Cir. 1982). To support their first argument, petitioners cite cases in which courts utilize common law principles (such as the "common nucleus of operative facts" test) when determining the claim-preclusive effect of earlier judgments or decisions. See, e.g., *Marin v. HEW, Health Care Financing Agency,* 769 F.2d 590 (9th Cir. 1985) (same); *Poe v. John Deere Co., supra* (same); *Macris v. Sociedad Maritima San Nicholas, S.A.,* 271 F.2d 956, 957–958 (2d Cir. 1959) (employing a common law claim preclusion analysis). We have recognized, however, that "In our view * * * [section 6212(c)(1)] authorizes a determination of a deficiency and addition to tax which, except for [that provision], respondent might be barred from asserting under the doctrine of [claim preclusion]". *Breman v. Commissioner,* 66 T.C. 61, 70 (1976). In other words, the doctrine of claim preclusion, as it applies to matters which require the issuance of notices of deficiency, has been modified by section 6212(c).[2] Thus, we must determine the claim-preclusive effect of any decision in an earlier proceeding by reference to section 6212(c). If we conclude that the additional deficiency determined in the second notice of deficiency falls within the fraud exception to claim preclusion that is found in section 6212(c), then the finality of the Court's decision to deny respondent's motion to amend the answer does

---

[2] Of course, even in cases where common law claim preclusion has not been modified by statute, "Limitations on the jurisdiction or the nature of the [first] proceedings * * * may justify relaxation of the general requirement that all parts of a single claim or cause of action be advanced." 18 Wright et al., Federal Practice and Procedure, sec. 4412, at 93 (1981).

not bar respondent from going forward in this proceeding. Indeed, we implicitly reached the same conclusion in *Arthur A. Everts Co. v. Commissioner,* a Memorandum Opinion and order of this Court dated August 12, 1949, 8 T.C.M. 707, P– H Memo T.C. par. 49,189 (*Arthur A. Evers Co.*) (1949), when we stated in dictum: "It is true, of course, that if we should deny respondent's motion to amend his answer and raise the new issues contained in his affirmative allegations, including fraud, he could issue a new deficiency notice as provided under [the predecessor section to section 6212(c)(1)]". Thus, we turn to the parties' arguments with respect to the scope of respondent's authority under section 6212(c)(1).

## B. *Petitioners' Reliance on Zackim*

Petitioners' alternative argument is that a failure to grant their motion would constitute an "unwarranted" departure from our holding in *Zackim v. Commissioner,* 91 T.C. 1001 (1988). Petitioner also asserts that, as to relevant matters, the "present case is factually indistinguishable from *Zackim.*" As our discussion of respondent's arguments below will make clear, we disagree with petitioners. We conclude that the circumstances of this case fall within the scope of the fraud exception to section 6212(c)(1). Our holding in *Zackim* does not bar respondent from pursuing the instant action.

## C. *Reconsideration of Zackim Is Unnecessary*

Respondent has asked us to reconsider our opinion in *Zackim v. Commissioner, supra,* in light of the Court of Appeals' reversal of our decision in that case. In particular, respondent "respectfully requests that the Tax Court reconsider its prior opinion and adopt the reasoning of the Third Circuit, i.e., that I.R.C. sec. 6212(c) authorizes respondent to issue an additional notice of deficiency in the case of fraud, regardless of when the fraud is discovered." In support of that argument, respondent contends that the plain language and the legislative history of section 6212(c) show that respondent has authority to issue and litigate the second notice of deficiency, that the doctrine of claim preclusion is not applicable in this case, and that this Court's *Zackim* ruling poses certain practical problems for respondent in terms of compliance.

The nub of our holding in *Zackim* is that the fraud exception in section 6212(c) is not absolute. 91 T.C. at 1006–1007. The facts before us today are distinguishable from those in *Zackim*. For that reason, we can decide this case without overruling *Zackim*.

## D. *Zackim Is Distinguishable*

The circumstances of this case are distinguishable from those present in *Zackim v. Commissioner*, 91 T.C. 1001 (1988). Simply put, in the first proceeding, by the motion to amend answer, respondent *did* try to determine an additional deficiency. By denying that motion, *we* precluded respondent from determining that additional deficiency. In contrast, in *Zackim*, we said:

Respondent had ample opportunity to raise the [fraud] issue in the prior litigation. *The Government did not lack knowledge and had no ground for failing to appreciate the consequences of choosing not to amend respondent's answer in the earlier litigation.* Respondent's counsel in the prior proceeding was fully aware of respondent's criminal tax fraud investigation of petitioner for 1978, 1979, and 1980, and of the referral for prosecution to the Department of Justice well before she agreed to settle the Tax Court case for 1979. *Respondent could have requested leave to amend his answer to place the additional deficiency and addition to tax for fraud for 1979 in issue.* As he typically does, respondent could have requested the Court to stay the civil proceeding pending completion of the criminal investigation and possible trial. Indeed, these are the normal courses of action for respondent in hundreds of Tax Court cases. Instead, respondent chose to ignore the criminal fraud investigation. [*Id.* at 1007–1008; emphasis added; fn. ref. omitted.]

In support of respondent's motion, respondent states that the motion to amend answer was an attempt to comply with our decision in *Zackim*. Petitioners objected to respondent's motion to amend answer. We will not prohibit respondent from litigating the fraud-related issues raised in the second notice of deficiency, when her attempt to raise those issues in the first proceeding was both objected to by petitioners and denied by the Court.

Based on the foregoing, we agree with respondent that our decision in *Zackim v. Commissioner, supra,* does not bar respondent from issuing the second notice of deficiency or from litigating, assessing, and collecting the fraud-related

deficiency and fraud additions to tax raised in the second notice of deficiency. *Zackim* is distinguishable.

### V. *Conclusion*

Notwithstanding her previous determination of a deficiency in income tax for a taxable year, section 6212(c)(1) permits respondent to determine an additional deficiency in income tax for the year in the case of fraud. The rule of res judicata does not here bar respondent's determination of an additional deficiency (and additions to tax) based on fraud in the second notice of deficiency.

For the reasons stated, we will grant respondent's motion for summary judgment and deny petitioners' motion for summary judgment.

*An appropriate order will be issued.*

Reviewed by the Court.

HAMBLEN, CHABOT, COHEN, RUWE, WHALEN, COLVIN, and BEGHE, *JJ.*, agree with this majority opinion.

JACOBS and CHIECHI, *JJ.*, concur in the result only.

---

CHABOT, *J.* concurring: I join in the majority opinion, which reaches the correct result and does so for the correct reasons.

In general, the appropriate time to decide whether to overrule a position this Court took in another case is when the reexamination would lead to a different result in the current case. In the instant case, we reach the same result under the majority opinion as we would reach if we overruled the position we took in *Zackim v. Commissioner,* 91 T.C. 1001 (1988), revd. 887 F.2d 455 (3d Cir. 1989); accordingly, the instant case does not appear to be the appropriate vehicle for considering whether we should overrule or affirm our *Zackim* position. I write separately nevertheless, because others have chosen to use the instant case as the vehicle for urging that we overrule our *Zackim* opinion, and, if we must deal with the matter in the instant case, then I would reaffirm our Court-reviewed opinion in *Zackim.*

## I. *Summary*

The statute does not, on its face, specify the result in the instant case. In order to determine how the statute should be applied, it must be interpreted, and this is to be done in the context of other provisions of the Code and in the context of the legislative history. The majority's analysis in the instant case, and in *Zackim,* is consistent with the text of the statute, the context of the statute, and the legislative history of the statute. The interpretation advanced by those who would overrule our opinion in *Zackim* creates opportunities for manipulation by either respondent or petitioners, with concomitant injustices, and ignores the context and legislative history.

## II. *The Statute*

Section 6212(a) provides that "If the Secretary determines that there is a deficiency" of income tax, then the Secretary is authorized to send a notice of deficiency to the taxpayer. Section 6212(c)[1] provides that if the Secretary has sent a notice of deficiency, and the taxpayer has filed a timely Tax

---

[1] SEC. 6212. NOTICE OF DEFICIENCY.

(c) FURTHER DEFICIENCY LETTERS RESTRICTED.—

(1) GENERAL RULE.—If the Secretary has mailed to the taxpayer a notice of deficiency as provided in subsection (a), and the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), the Secretary shall have no right to determine any additional deficiency of income tax for the same taxable year, of gift tax for the same calendar year, of estate tax in respect of the taxable estate of the same decedent, of chapter 41 tax for the same taxable year, of chapter 43 tax for the same taxable year, of chapter 44 tax for the same taxable year, of section 4940 tax for the same taxable year, of chapter 42 tax (other than under section 4940) with respect to any act (or failure to act) to which such petition relates, or of chapter 45 tax for the same taxable period except in the case of fraud, and except as provided in section 6214(a) (relating to assertion of greater deficiencies before the Tax Court), in section 6213(b)(1) (relating to mathematical or clerical errors), in section 6851 or 6852 (relating to termination assessments), or in section 6861(c) (relating to the making of jeopardy assessments).

(2) CROSS REFERENCES.—

For assessment as a deficiency notwithstanding the prohibition of further deficiency letters, in the case of—

(A) Deficiency attributable to change of treatment with respect to itemized deductions, see section 63(e)(3).

(B) Deficiency attributable to gain on involuntary conversion, see section 1033(a)(2), (C) and (D).

(C) Deficiency attributable to gain on sale or exchange of principal residence, see section 1034(j).

(E) Deficiency attributable to activities not engaged in for profit, see section 183(e)(4).

For provisions allowing determination of tax in title 11 cases, see section 505(a) of title 11 of the United States Code.

The later amendment of this provision by sec. 1941(b)(2)(F) of the Omnibus Trade and Competitiveness Act of 1988, Pub. L. 100–418, 102 Stat. 1107, 1323, does not affect the instant case.

Court petition, then "the Secretary shall have no right to determine any additional deficiency of income tax for the same taxable year". The statute then sets forth five exceptions to this prohibition on determining additional deficiencies, as follows: (A) Fraud, (B) claims asserted in the Tax Court, (C) mathematical or clerical errors, (D) termination assessments, and (E) jeopardy assessments. The statute then lists cross-references to four Code provisions which permit "assessment as a deficiency notwithstanding the prohibition of further deficiency letters", as well as to a provision in title 11 of the U.S. Code.

Section 6212(c) does not state what is to happen if respondent makes a determination that falls within one or more of these listed exceptions and cross-references. In particular, section 6212(c) does not itself state how the doctrine of res judicata is to be applied in any of these instances.

Res judicata is a judicial doctrine. If the Congress did not mean to modify this doctrine in this setting, then the section 6212(c)(1) exception as to fraud would permit respondent to issue the second notice of deficiency, but the doctrine of res judicata would preclude respondent from getting a hearing on the merits. This would render the statutory fraud exception language essentially meaningless. We are to avoid such constructions. E.g., *Ratzlaf v. United States,* 510 U.S. ____, ____, 114 S. Ct. 655, 659 (1994). Accordingly, in the majority opinion we have interpreted the statutory language to set aside res judicata to some extent. There remains the question of whether, in the case of fraud, res judicata is to be set aside in all instances or only in certain instances.

Because the words of the statute do not deal with the res judicata problem, we proceed to consult the context and legislative history.

### III. *The Context and Legislative History*

It is well established that we may look to the legislative history of a statute where the statute is ambiguous. In addition, we may seek out any reliable evidence as to legislative purpose even where the statutory language appears to be clear. *United States v. American Trucking Associations,* 310 U.S. 534, 543–544 (1940); *U.S. Padding Corp. v. Commissioner,* 88 T.C. 177, 184 (1987), affd. 865 F.2d 750 (6th Cir.

1989); *Huntsberry v. Commissioner,* 83 T.C. 742, 747–748 (1984); *J.C. Penney Co. v. Commissioner,* 37 T.C. 1013, 1017 (1962), affd. 312 F.2d 65 (2d Cir. 1962). Where a statute appears to be clear on its face, we require unequivocal evidence of legislative purpose before construing the statute so as to override the plain meaning of the words used therein. *Huntsberry v. Commissioner,* 83 T.C. at 747–748; see *Pallottini v. Commissioner,* 90 T.C. 498, 503 (1988), and cases cited therein.

The rules set forth in section 6212(c) clearly are not intended to operate in isolation; rather they are intended to be part of a highly detailed and well-articulated structure. The basic elements of section 6212(c) were enacted in the Revenue Act of 1926 as part of the substantial revision of the Board of Tax Appeals charter. See generally Dubroff, The United States Tax Court; An Historical Analysis 109–164 (1979).

Section 274(a) of the Revenue Act of 1926, ch. 27, 44 Stat. 55, provides that "If * * * the Commissioner determines that there is a deficiency" of income tax, then the Commissioner is authorized to send a notice of deficiency to the taxpayer. Section 274(f) of the Revenue Act of 1926, 44 Stat. 56,[2] provides that if the Commissioner has sent a notice of deficiency, and the taxpayer has filed a timely Board of Tax Appeals petition, then "the Commissioner shall have no right to determine any additional deficiency in respect of the same taxable year". The statute then sets forth four exceptions to this prohibition on determining additional deficiencies, as follows: (A) Fraud, (B) claims asserted in the Board of Tax

---

[2] SEC. 274.

    \*       \*       \*       \*       \*       \*       \*

(f) If after the enactment of this Act the Commissioner has mailed to the taxpayer notice of a deficiency as provided in subdivision (a), and the taxpayer files a petition with the Board within the time prescribed in such subdivision, the Commissioner shall have no right to determine any additional deficiency in respect of the same taxable year, except in the case of fraud, and except as provided in subdivision (e) of this section or in subdivision (c) of section 279. If the taxpayer is notified that, on account of a mathematical error appearing upon the face of the return, an amount of tax in excess of that shown upon the return is due, and that an assessment of the tax has been or will be made on the basis of what would have been the correct amount of tax but for the mathematical error, such notice shall not be considered, for the purposes of this subdivision or of subdivision (a) of this section, or of subdivision (d) of section 284, as a notice of a deficiency, and the taxpayer shall have no right to file a petition with the Board based on such notice, nor shall such assessment or collection be prohibited by the provisions of subdivision (a) of this section.

Appeals, (C) jeopardy assessments, and (D) mathematical errors.

In describing how the 1926 Act's revised deficiency procedure was to work, the report of the Senate Finance Committee stated as follows (S. Rept. 52, 69th Cong., 1st Sess. 27–28 (1926), 1939–1 C.B. (Part 2) 332, 353):

> Under the existing law and the House bill the 5 per cent and 50 per cent additions to the tax in case of negligence or fraud are to be assessed and collected in the same manner as if they were a deficiency, i.e., can only be assessed after the taxpayer has been sent a notice by registered mail. *It sometimes occurs that after the deficiency letter has been sent out fraud* or negligence *is for the first time discovered by the commissioner.* In order to avoid the necessity of sending out a second notice to the taxpayer in such cases and other similar cases, *it is provided in section 274 (e) that the board shall have jurisdiction upon the appeal from the original deficiency letter to determine whether any penalty, additional amount, or addition to the tax should be assessed,* whether or not the commissioner has asserted such claim in the deficiency letter or in his pleadings. *If the fraud is discovered after the board's decision, the commissioner can send notice thereof, on which the taxpayer can appeal to the board.* [Emphasis added.]

Although the Senate Finance Committee, the Senate floor, and the conference committee made some changes in the statutory language, these changes did not affect what was described in the Senate Finance Committee report excerpt set forth *supra.*

Thus, as the Congress viewed the interrelationship of subsections (f) and (e) of section 274 of the Revenue Act of 1926, which appear in present law as sections 6212(c)(1) and 6214(a), (1) "If the fraud is discovered after the * * * [Tax Court's] decision," then the Commissioner can send a second notice of deficiency, but (2) otherwise, the Commissioner is to claim the fraud addition to tax and the additional deficiency in the first proceeding before the Tax Court.

The Congress enacted these provisions as an integrated whole and gave us explicit instructions as to how these provisions were to be coordinated.

In *Zackim v. Commissioner,* 91 T.C. 1001 (1988), the Commissioner knew about the fraud before decision was entered in the first case, but did not proceed under section 6214(a) to ask for the addition to tax. We held that, although the statute permitted respondent to issue a second notice of deficiency, the doctrine of res judicata precluded the Commis-

sioner from showing that the taxpayer's deficiencies or additions to tax were greater than the amounts determined and entered in the first case.

In the instant case, respondent knew about the alleged fraud before decision was entered in the first docket, and did proceed under section 6214(a) to raise the fraud issue in that docket. However, petitioners opposed respondent's motion to raise the fraud issue, and we agreed with petitioners and denied respondent's motion. We hold in the instant case that res judicata does not preclude respondent from proceeding in a second case under these circumstances. The question raised in Judge Swift's concurring opinion as to respondent's knowledge as of February 11, 1991, as distinguished from respondent's knowledge as of May 8, 1991, does not affect the legal analysis. Both dates were before entry of decision. There does not appear to have been any prejudice to petitioners, such as extensive preparations for an imminent trial, because of the 3-month delay between the February 11, 1991, hearing and the May 8, 1991, motion filing. Thus, under the majority opinion's analysis of the law, and contrary to Judge Swift's contention, the 3-month difference between the two dates is irrelevant.

Similarly, the contentions regarding the statute of limitations appear to be beside the point. Section 6212(c)(1) does not deal with the statute of limitations. The explanatory committee reports do not deal with the statute of limitations. There is no indication that the Congress' policy as to section 6212(c)(1), and section 274(f) of the Revenue Act of 1926, is related to the statute of limitations. We have no reason to believe that the Congress would have acted differently in the Revenue Act of 1926 if the fraud statute of limitations had been 10 years, or 20 years, rather than the "at any time" language appearing in paragraphs (1) and (2) of section 6501(c). We note that the relevant language of paragraph (3) of section 6501(c), relating to failure to file a tax return, is the same as that in paragraphs (1) and (2), yet the Congress did not make a section 6212(c) exception for failure to file a tax return.

Judge Swift suggests that our recent opinion in *Hemmings v. Commissioner,* 104 T.C. 221 (1995), is inconsistent with our opinion in *Zackim v. Commissioner, supra.* I disagree. Firstly, *Hemmings* does not involve a fraud determination,

and so it does not provide any support for the doctrine that a fraud determination is somehow a separate cause of action for res judicata purposes; it does not even address the question. Secondly, the opinion in *Hemmings* explains the differences between the nature of a refund suit in a District Court and a deficiency proceeding in the Tax Court. These differences, which relate to the different origins of the two types of proceedings, have little to do with the situation in *Zackim* and the instant case, where both suits are deficiency proceedings in the Tax Court. Thirdly, as we pointed out in *Hemmings v. Commissioner,* 104 T.C. at 234, the question there involved depended on whether the Government's later contention constituted a compulsory counterclaim in the refund suit. In *Zackim* we held that, on the facts there present, the Commissioner had what was the functional equivalent of a compulsory counterclaim. Thus, *Hemmings* is consistent with this Court's opinion in *Zackim.*

In summary, when the Congress first enacted the provisions we seek to interpret, in 1926, the Congress told us when the Commissioner was to use the predecessor of section 6212(c) and when the Commissioner was to use the predecessor of section 6214(a). The relationship of those two provisions has remained essentially unchanged the last 69 years. This relationship essentially precludes gamesmanship and abuses by the Commissioner and taxpayers alike. Our Court-reviewed opinion in *Zackim v. Commissioner, supra,* and the instant majority opinion combine to give proper effect to this congressionally expressed relationship.

HAMBLEN, COHEN, WHALEN, and HALPERN, *JJ.,* agree with this concurring opinion.

---

SWIFT, *J.,* concurring in the result only: In an effort to avoid the legal issue the parties in this case have presented to us, the majority opinion implicitly reaffirms our prior opinion in *Zackim v. Commissioner,* 91 T.C. 1001 (1988). The opinion specifically states that "we can decide this case without overruling *Zackim.*" Majority op. p. 49.

Our prior opinion in *Zackim,* however, has been soundly reversed by the Court of Appeals for the Third Circuit on the basis of what the Court of Appeals believed to be a clearly

erroneous interpretation of the relevant statutory scheme. *Zackim v. Commissioner,* 887 F.2d 455 (3d Cir. 1989).

Further, our recent published opinion in *Hemmings v. Commissioner,* 104 T.C. 221 (1995), discussed below, is inconsistent with our opinion in *Zackim,* and makes it even more appropriate that we now address the continuing validity of our opinion in *Zackim.*

Interpretations of Federal tax law are the raison d'etre for the existence of the Tax Court. By ducking the legal issue and the question of statutory interpretation presented to us in this case, the majority opinion helps no one better understand the tax law on this point affecting the rights of taxpayers and the Commissioner in civil and criminal tax administration, and it simply perpetuates the inconsistency that now exists between the Court of Appeals for the Third Circuit's and the Tax Court's respective interpretations of the relevant statutory scheme.

Because the majority opinion ignores the legal issue and attempts to distinguish the case factually from *Zackim,* the majority opinion, in my view, should address all of the relevant facts (including the stipulated fact that IRS District Counsel personnel, in February of 1991, knew that petitioners were under criminal tax investigation).

In light of all of the facts before us, petitioners argue: (1) That respondent had sufficient knowledge to raise fraud at the time of the February 11, 1991, evidentiary hearing in the first proceeding; (2) that the Tax Court's opinion in *Zackim*— properly understood and applied—requires that the question of whether respondent had sufficient knowledge of fraud in the first proceeding (to trigger application of res judicata to respondent's effort to litigate fraud in the second proceeding) should be measured as of that date (namely, as of February 11, 1991); and (3) that respondent's failure to raise fraud at that time, combined with entry of a final decision in the first proceeding, trigger application of our opinion in *Zackim* and res judicata to bar respondent from now litigating fraud in the second proceeding.

If we address only the factual distinguishability of this case from *Zackim,* then petitioners' above arguments have substantial merit and should not be ignored as they are in the majority opinion. Essentially, petitioners argue that if, as the Tax Court in the first proceeding held, it was *too late* for

respondent in May of 1991 to raise fraud, it could not then become *timely* for respondent to raise fraud in May of 1992 when respondent issued the second notice of deficiency. In other words, petitioners argue that it would be incongruous and unfair (and a most surprising and incorrect interpretation of our opinion in *Zackim*) if, after obtaining knowledge of petitioners' fraud and unduly delaying in raising fraud in the first proceeding, respondent could then cavalierly file in the first proceeding an *untimely* motion to raise fraud, have it denied as untimely, and then proceed to raise and litigate fraud in the second proceeding on the grounds that *Zackim* did not apply.

I believe the analysis in the majority opinion of the facts relevant to the question of whether this case is distinguishable from *Zackim* is superficial. *If our opinion in Zackim is still good law,* I believe it would require an analysis of what respondent knew, as of February 11, 1991, regarding petitioners' alleged acts of fraud, a conclusion as to whether respondent had enough knowledge at that time to raise fraud, and based thereon a conclusion as to whether respondent, under our opinion in *Zackim,* is barred from now litigating fraud.

I believe that the better approach in this case is to deal with the legal issue presented by the parties' cross-motions for summary judgment. The Court of Appeals' reversal, on legal grounds, of our opinion in *Zackim* deserves a response from the U.S. Tax Court. I would address this legal issue as follows.

First, I would state the facts essentially as set forth in the majority opinion, but I would add the following undisputed facts:

Prior to the hearing on February 11, 1991, certain attorneys in respondent's Newark District Counsel's office knew that petitioners' 1987 joint Federal income tax return was under criminal tax investigation with respect to unreported income received by petitioners from Natal Contracting and Building Corp. (Natal), a closely held private corporation owned by three stockholders, one of whom was petitioner Eugene Burke.

I would then analyze the legal issue presented by the parties as follows.

In *Zackim v. Commissioner, supra,* we held that where the Commissioner enters into a settlement of a case for a

particular year at a time when the Commissioner knows of tax fraud relating to the same taxpayer and the same year, the Commissioner's settlement of the first proceeding precludes the Commissioner in a subsequent proceeding in this Court from asserting the fraud addition to tax and the fraud-related tax adjustments. With regard to the issue of finality of the first proceeding, we applied res judicata to bar the Commissioner from litigating the fraud addition to tax and the fraud-related tax adjustments in the subsequent proceeding.

On appeal, the Court of Appeals reversed our opinion in *Zackim v. Commissioner, supra,* and concluded that both the plain statutory language of section 6212(c)(1) and the legislative history support the contrary result. 887 F.2d at 458–459. With regard to the assertion of claim preclusion or res judicata, the Court of Appeals explained that—

Both the statutory language and * * * [the] legislative history [of section 6212(c)(1)] are clear. Congress dealt explicitly with the policy of finality, and plainly excepted claims of fraud from that general policy.

*   *   *   *   *   *   *

the fact is that Congress dealt explicitly with what we now commonly refer to as claim preclusion when it enacted section 6212(c), which consciously excludes from claim preclusion government claims for tax fraud. There simply is no warrant for going behind the plain language of section 6212(c) and adding to the language "except in the case of fraud" the unintended language "discovered after the Tax Court decision" * * * [as the Tax Court did in *Zackim v. Commissioner*].

[*Id.* at 459.]

In light of the reversal by the Court of Appeals I would now reconsider our decision in *Zackim v. Commissioner, supra.*

Resolving a dispute over the meaning of a statute begins with the language of the statute itself. *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241 (1989). If the language of a statute is plain, clear, and unambiguous, "'the sole function of the courts is to enforce it according to its terms.'" *Id.* at 241 (quoting *Caminetti v. United States,* 242 U.S. 470, 485 (1917)). Thus, as long as the statutory language is clear and unambiguous, there generally is no need for courts to inquire beyond the plain language of the statute. Absent absurd, unreasonable, or futile results, there is "no more persuasive

evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes." *United States v. American Trucking Associations,* 310 U.S. 534, 543 (1940).

Turning to the language of section 6212(c)(1), that section provides that after the Commissioner has mailed a notice of deficiency and after the taxpayer has filed a petition with this Court, the Commissioner generally may not issue another notice of deficiency for the same year covered by the first notice of deficiency and by the petition. An express statutory exception to this general rule, however, permits the Commissioner to issue a second notice of deficiency to the same taxpayer for the same year "in the case of fraud". Sec. 6212(c)(1). The language of section 6212(c)(1) provides—

SEC. 6212(c). FURTHER DEFICIENCY LETTERS RESTRICTED.—

(1) GENERAL RULE.—If the Secretary has mailed to the taxpayer a notice of deficiency * * * and the taxpayer files a petition with the Tax Court * * * the Secretary shall have no right to determine any additional deficiency of income tax for the same taxable year, * * * *except in the case of fraud* * * *. [Emphasis added.]

Consistent with the express exception provided in section 6212(c)(1) with regard to the issuance by respondent of a second notice of deficiency raising fraud, section 6501(c)(1) and (2) provides—with regard to the period of limitations on the assessment of civil tax fraud—a parallel, blanket, and absolute exception to the normal 3-year period of limitation that is applicable to the assessment by the Commissioner of tax deficiencies. This latter section provides that the Commissioner may make civil tax assessments based on fraud *at any time.*[1] The moment in time when the Commissioner discovers or administratively determines fraud, and other factors associated with a taxpayer's non-fraud-related tax adjustments for a year, are simply not relevant to the

[1] Sec. 6501(c)(1) and (2) provides as follows:

SEC. 6501(c). EXCEPTIONS.—

(1) FALSE RETURN.—In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, *at any time.*

(2) WILLFUL ATTEMPT TO EVADE TAX.—In case of a willful attempt in any manner to defeat or evade tax imposed by this title (other than tax imposed by subtitle A or B), the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, *at any time.*

[Emphasis added.]

Commissioner's authority under section 6501(c)(1) and (2) to make assessments based on fraud.

On reconsideration of the plain statutory language and with the benefit of the Court of Appeals for the Third Circuit's opinion, I believe our prior opinion in *Zackim v. Commissioner, supra,* was incorrect as a matter of law, and I would therefore overrule it. I believe that section 6212(c)(1) and section 6501(c)(1) and (2) should be read together as authorizing a second notice of deficiency based on fraud whenever the Commissioner chooses to raise fraud, and no limitations should be imposed by the Court relating to when the first notice of deficiency was issued or when fraud was discovered.

The strong public policy against civil tax fraud is the basis for the unlimited period of limitations on fraud determinations under section 6501(c)(1) and (2). See *Badaracco v. Commissioner,* 464 U.S. 386, 399–400 (1984). This is the same public policy that supports a parallel reading of section 6212(c)(1) and that precludes the imposition of judicial limitations on the Commissioner's authority under section 6212(c)(1).

To the extent reference to legislative history on this issue is appropriate, such history underlying the predecessor provision to section 6212(c)(1)[2] indicates that Congress intended to give the Commissioner broad authority to determine fraud at any time—by a motion to amend the Commissioner's answer where the Commissioner initially elects that route and where this Court allows the amendment under section 6214(a) and Rule 41, or by issuance of a second notice of deficiency where the Commissioner elects that route. In each scenario, section 6212(c)(1) was designed to ensure that the Commissioner will be able to raise civil tax fraud against a taxpayer.[3]

---

[2] See Revenue Act of 1926, ch. 27, sec. 274(f), 44 Stat. 56.

[3] The Senate report explaining sec. 274(f) of the Revenue Act of 1926 stated as follows:

*Finality* is the end sought to be attained by these provisions of the bill, and the committee is convinced that to allow the reopening of the question of the tax for the year involved either by the taxpayer or by the Commissioner (*save in the sole case of fraud*) would be highly undesirable.

      *    *    *    *    *    *    *

It sometimes occurs that after the deficiency letter has been sent out fraud or negligence is for the first time discovered by the Commissioner. In order to avoid the necessity of sending out

After reconsidering our decision in *Zackim v. Commissioner, supra,* and with the benefit of the Court of Appeals for the Third Circuit's decision, I would conclude that, regardless of when the Commissioner discovers or administratively determines fraud, the judicial doctrines of claim preclusion or res judicata do not apply where no claim of fraud was made by the Commissioner and litigated in the first Tax Court proceeding resulting from the first notice of deficiency and where the Commissioner issues a second notice of deficiency determining the fraud addition to tax.

I note further that claim preclusion or res judicata applies only if the claim or cause of action in a prior proceeding is the same as the claim or cause of action in the subsequent proceeding. See *Commissioner v. Sunnen,* 333 U.S. 591, 597 (1948). The relationship between a determination of fraud and a determination of a tax deficiency in which fraud is not raised is too attenuated to invoke claim preclusion or res judicata. See *Zackim v. Commissioner,* 887 F.2d at 459. In effect, the Commissioner has been given authority to split off fraud additions to tax (and the fraud-related tax adjustments) from non-fraud-related tax adjustments and to treat the fraud additions to tax and the fraud-related tax adjustments as determinations and as claims separate and distinct from the non-fraud-related tax adjustments. Under this statutory scheme, the application of claim preclusion or res judicata simply is not appropriate where fraud was not raised and litigated in the first proceeding.

We recognized the above principle in our recently published opinion in *Hemmings v. Commissioner,* 104 T.C. 221 (1995). In *Hemmings,* we held that the Commissioner's notice of deficiency with respect to the same taxpayer and same year that already had been the subject of a tax refund suit was not barred by either res judicata or claim preclusion because of, among other things, the specific statutory authority given to the Commissioner under section 7422(e) to issue a notice of deficiency during pendency of a refund suit for the

a second notice to the taxpayer in such cases and other similar cases, it is provided in section 274(e) that the Board shall have jurisdiction upon the appeal from the original deficiency letter to determine whether any penalty, additional amount, or addition to the tax should be assessed, whether or not the Commissioner has asserted such claim in the deficiency letter or in his pleadings. If the fraud is discovered after the Board's decision, the Commissioner can send notice thereof, on which the taxpayer can appeal to the Board. [S. Rept. 52, 69th Cong., 1st Sess. 26 (1926), 1939–1 C.B. (Part 2) 332, 351, 353; emphasis added.]

same year. Such a notice of deficiency was recognized in *Hemmings* as giving rise to a claim or cause of action separate and distinct from the claim or cause of action involved in the refund suit and making application of res judicata or claim preclusion simply inappropriate.

I would conclude that under the plain language of section 6212(c)(1), the legislative history, and the consistent application of the various fraud-related provisions of the Internal Revenue Code, where fraud has not already been litigated, the Commissioner may issue a second notice of deficiency determining the fraud addition to tax at any time.

Alternatively, petitioners argue that merely because the Court in the first proceeding denied respondent's motion to amend answer and because respondent failed to appeal the Court's denial of respondent's motion to amend, respondent is now precluded from raising and litigating the fraud addition to tax. In support of their alternative argument, petitioners cite *Marin v. HEW, Health Care Fin. Agency,* 769 F.2d 590 (9th Cir. 1985); *Nilsen v. City of Moss Point,* 701 F.2d 556 (5th Cir. 1983); *Poe v. John Deere Co.,* 695 F.2d 1103 (8th Cir. 1982); *Bagby v. Harris,* 650 F.2d 836 (6th Cir. 1981); and *Webb v. U.S. Lines Co.,* 186 F. Supp. 597 (S.D.N.Y. 1960). Petitioners make this argument separate and apart from their argument that under *Zackim v. Commissioner, supra,* respondent is precluded from now litigating fraud and the fraud-related tax adjustments.

In each of the above cases, however, the court denied motions to amend pleadings where the motions to amend attempted to renew, reargue, or expand the theory of the substantive claims already before the court. Res judicata was applicable in the above cases to bar a second action raising the same underlying substantive claims that were before the court in the first action. The court's denial of the motion to amend the pleadings in the first action merely rendered the decision in the first action final. It was the fact that the substantive claims at issue and disposed of in the first action were the same as the claims raised in the second action that gave rise to res judicata and barred litigation of the same claims in the second action.

Respondent's determination herein of fraud constitutes an entirely new claim, different and distinct from the non-fraud-related deficiency asserted by respondent and litigated in the

first proceeding. In the first proceeding, the merits of respondent's fraud determination were not raised and were not litigated. The cases cited by petitioners are also inapposite because, as we have concluded herein, section 6212(c)(1) provides a statutory exception to the application of claim preclusion or res judicata principles where the fraud addition to tax was not raised and litigated in the first proceeding.

For the above reasons, I would grant respondent's motion for summary judgment, and I would deny petitioners' cross-motion for summary judgment.

WRIGHT, PARR, WELLS, LARO, FOLEY, and VASQUEZ, JJ., agree with this concurring opinion.

---

GERBER, J., concurring: I agree with the majority's conclusion that, in accordance with section 6212(c)(1), a second notice of deficiency may be issued for petitioners' 1987 taxable year, due to respondent's fraud determination. I also agree that our holding in *Zackim v. Commissioner,* 91 T.C. 1001 (1988), revd. 887 F.2d 455 (3d Cir. 1989), is not controlling because the case under consideration is factually distinguishable. Therefore, the outcome of this case would be unchanged irrespective of whether we overruled our *Zackim* rationale. Accordingly, it is unnecessary to reconsider *Zackim.*

I write separately because the majority opinion does not say that our failure to address the *Zackim* rationale is not intended to connote our approval or disapproval of prior holdings. All Judges who have expressed their views agree that respondent is entitled to issue a second deficiency notice here. To the extent that the majority opinion may imply agreement with *Zackim,* or to the extent that a side opinion agrees or disagrees with *Zackim,* those views are unnecessary to the resolution of this case and should be considered gratuitous.