769 F.2d 590
 10 Soc.Sec.Rep.Ser. 317, Medicare&Medicaid Gu 34,884
Joseph W. MARIN; Doreen C. Marin; Elesa L. Beale; and
Home Medical Services, Inc., a California
corporation, Plaintiffs-Appellants,
v.
HEW, HEALTH CARE FINANCING AGENCY Philip Nathanson; Richard
Pace; Gene Chin; Blue Cross of Northern California; Mary
Jane Higgins; John O'Hara; Margaret Kelley; Vince
Rosellini; Dan Smith; and George Thompson, Defendants- Appellees.
HOME MEDICAL SERVICES, INC., a California corporation,
Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES; Margaret Heckler,
Health Care Financing Agency, et al., Defendants-Appellees.
 Nos. 83-2272, 84-1532.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 5, 1984.
Decided Aug. 22, 1985.
 
 Gregory F. Gilbert, Sacramento, Cal., for plaintiffs-appellants.
 Dennis Mulshine, San Francisco, Cal., for defendants-appellees.
 Consolidated Appeals from the United States District Court for the Eastern District of California.
 Before GOODWIN, POOLE and BOOCHEVER, Circuit Judges.
 GOODWIN, Circuit Judge.
 
 
 1
 Health care providers who have been unable to collect sums claimed to be due for services they provided to medicare beneficiaries sued in the district court to recover damages from a number of individuals and entities. These consolidated appeals challenge the dismissal for want of subject matter jurisdiction in one action and the granting of summary judgment in another action. We affirm both judgments.
 
 
 2
 Joseph Marin, Doreen C. Marin, Elesa L. Beale and Home Medical Services, Inc. (Marin) provide home health services to individuals qualified to receive such services under Title XVIII of the Social Security Act, 42 U.S.C. Secs. 1395, et seq. (the Medicare Act). Marin operates as part of the Medicare Program under a reimbursement agreement with appellees, various United States agencies and officials and Blue Cross of Northern California, Inc. (the government). Blue Cross contracts with the United States as an intermediary to perform administrative services including the review and processing of Medicare reimbursement claims.
 
 
 3
 Since at least 1981 Marin has been displeased with the reimbursement services provided to him by Blue Cross and has filed a series of claims alleging jurisdiction under the Medicare Act and under the Federal Tort Claims Act, 28 U.S.C. Sec. 2671, et seq. and 28 U.S.C. Sec. 1346. We must decide whether federal jurisdiction over these claims exists exclusively under the Medicare Act and whether the doctrine of res judicata prevents litigation of claims the trial court has already declined to hear.
 
 FEDERAL JURISDICTION
 
 4
 The Medicare Act establishes the Provider Reimbursement Review Board (P.R.R.B.) as an administrative channel through which health care providers can seek redress for dissatisfaction with the reimbursement process. 42 U.S.C. Sec. 1395oo. The statute authorizes judicial review of P.R.R.B. decisions on the merits of a provider's complaints and on P.R.R.B.'s own authority to hear claims. 42 U.S.C. Sec. 1395oo(f). The statute also incorporates and applies to Sec. 1395oo the following limitation of 42 U.S.C. Sec. 405(h): "No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." See 42 U.S.C. Sec. 1395ii.
 
 
 5
 Marin's attempt to imbue his claims with jurisdiction under the Federal Tort Claims Act, 28 U.S.C. Sec. 1346, cannot surmount the bar of Sec. 405(h). Marin argues that while his entitlement to be reimbursed is created by the Medicare Act, his claims for damages caused by negligent failure to process his cost reports are not. Therefore, he argues, they do not "arise under" the Act. But Congress envisioned just this type of claim and provided an administrative remedy for it. 42 U.S.C. Sec. 1395oo(a) states that
 
 
 6
 Any provider of services which has filed a cost report ... may obtain a hearing with respect to such cost report by a [P.R.R.B] ... if--
 
 
 7
 (1) such provider--
 
 
 8
 ....
 
 
 9
 (B) has not received [a] final determination from [its] intermediary on a timely basis ...
 
 
 10
 (2) the amount in controversy is $10,000 or more, and
 
 
 11
 (3) such provider files a request for a hearing ... within 180 days after notice of such determination would have been received if such determination had been made on a timely basis.
 
 
 12
 Subsection (f)(1) stipulates that the Secretary on his own motion may review the Board's decision within 60 days. The provider may commence a civil action within 60 days to review the Board's decision, or the Secretary's if he has chosen to make one. Subsection (f)(2) provides that interest on the disputed amount be awarded for the period during this hearing and appeal process.
 
 
 13
 From this, it is apparent that Marin's claims for tardy processing "arise under" the Medicare provisions. The substantive cause of action he presses is anticipated by the statute. His demand for greater damages than the statute provides would render meaningless the jurisdiction restriction of Sec. 405(h).
 
 RES JUDICATA
 
 14
 The P.R.R.B. denied jurisdiction over nine of Marin's ten claims on February 3, 1983. Marin filed two appeals from the Board's decision. The first was timely filed on April 4, 1983, as the original complaint in D.C. No. Civ-S 83-329. The second was filed on April 22, 1983, in the form of a second amended complaint attempting to change the basis for subject matter jurisdiction in an already pending action, D.C. No. Civ-S 82-463. On June 22, 1983, the trial judge in 82-463, not informed by either party of the existence of 83-329, denied with prejudice the implied request for leave to file the second amended complaint because it was not timely as an appeal from the P.R.R.B. decision. A different trial judge hearing 83-329 subsequently invoked the doctrine of res judicata and granted summary judgment against Marin, based on the claimed preclusive effect of the denial of leave to amend in 82-463.
 
 
 15
 "Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Our comparison of the claims made in the second amended complaint in 82-463 and in the complaint in 83-329 leads us to agree with the conclusion of the trial judge hearing 83-329 that the causes of action in each complaint were substantially the same. The more difficult question in this case is whether denial of the motion to amend constitutes a final judgment on the merits of Marin's appeal from the decision of the P.R.R.B. We hold that under the unusual circumstances of this case it does.
 
 
 16
 An initial complication arises because the denial of leave to amend the complaint should not be confused with dismissal of the action in its entirety for lack of subject matter jurisdiction. In this case, however, where the denial and the dismissal coincided, where both were with prejudice, and where amendment, if allowed, would have reinstated the alleged cause of action, the two decisions are functionally analogous. Our consideration of the res judicata effect of this denial with prejudice is therefore guided by principles which apply to dismissals with prejudice.
 
 
 17
 Application of res judicata is further complicated here because the denial of leave to file the second amended complaint was based on a statutory time bar rather than based on the merits of Marin's case. Because the decision was compelled by the time limits established in 42 U.S.C. Sec. 1395oo(f), it was with prejudice. Even without a determination which is literally on the merits, a denial with prejudice may be a final judgment with a res judicata effect as long as the result is not unfair. See Young Engineers v. U.S. Intern'l Trade Comm'n., 721 F.2d 1305, 1314 (Fed.Cir.1983).
 
 
 18
 Young Engineers demonstrates that some final judgments have a preclusive effect even if there has been no litigation of the issues. This is perfectly consonant with Fed.R.Civ.P. 41(b) which provides that involuntary dismissals operate as "adjudication on the merits," with exceptions for "lack of jurisdiction, for improper venue or for failure to join a party under Rule 19."
 
 
 19
 The Supreme Court has given a broad reading to the jurisdiction exception set forth in Rule 41(b), holding
 
 
 20
 It is too narrow a reading of the exception to relate the concept of jurisdiction embodied there to the fundamental jurisdictional defects which render a judgment void and subject to collateral attack, such as lack of jurisdiction over the person or subject matter. We regard the exception as encompassing those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the [c]ourt's going forward to determine the merits of [the] substantive claim.
 
 
 21
 Costello v. United States, 365 U.S. 265, 285, 81 S.Ct. 534, 544, 5 L.Ed.2d 551 (1961). The exception is not broad enough, however, to embrace failure to timely file an amended complaint. This was not simply "failure to comply with a precondition requisite to the [c]ourt's going forward" Id. Marin's right to sue was created by statute. The same statute required that he file within a certain time limit. The point of the trial court's decision to deny with prejudice leave to file a late amendment was that when Marin failed to amend his complaint on time, Marin did not simply fail to comply with the statute; he lost his right to proceed.
 
 
 22
 The application of res judicata in this situation may appear to be harsh, but it is not unfair. Presumably, had the trial judge in 83-463 been informed that the same claims had been timely filed in another action before another judge (as is required under Local Rule 101(a) of the District Court for the Eastern District of California) the judge might have denied leave to amend without prejudice and dismissed the redundant action without prejudice. In that way, Marin could have saved something of his claims in 82-463 and 83-329.
 
 
 23
 Because the order was entered with prejudice, moreover, Marin could have appealed from it. See Madesky v. Campbell, 705 F.2d 703 (3rd Cir.1983) (dismissal with prejudice can be appealed); Schy v. Susquehanna Corporation, 419 F.2d 1112 (7th Cir.) cert. denied, 400 U.S. 826, 91 S.Ct. 51, 27 L.Ed.2d 55 (1970) (appeal from dismissal of complaint with prejudice and denial of leave to file amended complaint); Developers Small Business Corp. v. Hoeckle, 395 F.2d 80 (9th Cir.1968) (dismissal with prejudice can be appealed). However, he did not appeal. Because Marin accepted the court's final rejection of his claims in one instance without appealing, he can claim no fairness requirement that he be allowed to continue to litigate the same claims in a different courtroom.
 
 
 24
 The peculiarities of timing in this case make this an unconventional application of res judicata, because that doctrine usually bars claims filed after, not before, the claims giving rise to the preclusive judgment. We need be concerned, however, not with the chronology of filing but with the purpose of res judicata, which is to "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources and, by preventing inconsistent decisions, encourage reliance on adjudication." Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980); Montana, 440 U.S. at 153-54, 99 S.Ct. at 973-74. We note that the same purposes underlie the local rule which Marin ignored.
 
 
 25
 We are aware of the impact on Marin of our holding, which effectively denies him a forum for the merits of his various claims and relegates him to the P.R.R.B. for whatever satisfaction it may have given him for the one claim over which it took jurisdiction in February 1983. We are aware that when the Supreme Court, in Weinberger v. Salfi, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), determined that 42 U.S.C. Sec. 405(h) precluded independent judicial consideration of a claim, it explicitly considered the fact that administrative relief was available to the plaintiff. Id. at 762, 95 S.Ct. at 2465. Similarly, the court recently, in denying a group of Medicare claimants mandamus jurisdiction under 42 U.S.C. Sec. 405(h), observed that there was an administrative remedy available for those claimants under Sec. 405(g). Heckler v. Ringer, 466 U.S. 602, 104 S.Ct. 2013, 2023, 80 L.Ed.2d 622 (1984). But our discussion above reveals that an administrative remedy was available to plaintiff, although the amount of recovery specified by Congress may be less than he desires.
 
 
 26
 Marin's predicament is not created by failure of the Medicare Act to provide administrative and judicial redress, see 42 U.S.C. Sec. 1395oo(f). Nor has the trial court denied Marin "full and fair opportunity to litigate," Montana, 440 U.S. at 153, 99 S.Ct. 973. We express no opinion upon the equities in this case that might commend themselves to Congress for legislative relief.
 
 
 27
 Affirmed.
 
 
 28
 BOOCHEVER, Circuit Judge, concurring in part, dissenting in part:
 
 
 29
 I concur in the majority's discussion of exclusive jurisdiction, but I respectfully dissent from its conclusion that res judicata applies to this case.
 
 
 30
 From the majority's rendition of the facts, it might appear that D.C. No. Civ. S-82-463 was dismissed for untimeliness. Even if this were the case I cannot agree that a dismissal of one appeal as untimely would bar a prior timely appeal as res judicata. We need not address this issue, however. The action was dismissed for lack of subject matter jurisdiction.
 
 
 31
 The district court had before it the motion to dismiss Marin's first amended complaint in 82-463 when Marin filed his second amended complaint in that same action. The court simultaneously ruled on the motion to dismiss and Marin's implicit motion for leave to amend his complaint. Marin v. United States, No. S-82-463, slip op. at 11 (E.D.Cal. July 22, 1983).
 
 
 32
 The district court's denial of the implied motion for leave to amend was based "on the ground of futility." [Id. at 9] First, the court found that the second amended complaint did not resolve the jurisdictional bar of 42 U.S.C. Secs. 405(h) and 1395ii. [Id. at 10] Additionally, the second amended complaint failed to allege governmental conduct that would be actionable "if the United States were a private party, and ... therefore failed to state FTCA claims." [Id.] Finally, and alternatively, the motion was futile because "the proposed second amended complaint, were it to be filed, would be subject to dismissal on the ground of untimeliness." [Id. at 11] (emphasis added).
 
 
 33
 The district court was quite clear that it was dismissing the action for lack of subject matter jurisdiction:
 
 
 34
 [P]laintiffs' [first] amended complaint must be dismissed for several reasons. First, FTCA jurisdiction does not appear on the face of the complaint in that (1) plaintiffs have not alleged prior presentation of their tort claims to the appropriate federal agency as required by 28 U.S.C. Sec. 2675(a), and (2) there is no FTCA jurisdiction to review claims arising under the Medicare Act. 42 U.S.C. Secs. 405(h), 1395ii. Furthermore, plaintiffs have failed to state an FTCA claim in that they have failed to allege conduct that would be actionable under state law if the United States were a private person. 28 U.S.C. Sec. 2674. For each of these reasons, plaintiffs' amended complaint will be dismissed. [CR 21 at 8]
 
 
 35
 In any event, since leave to amend was denied, the judgment of dismissal which the majority holds has res judicata effect, must have been based on the inadequacies of the first amended complaint, i.e., lack of subject matter jurisdiction. Judgment of dismissal for lack of subject matter jurisdiction does not bar another action by plaintiff on the same claim. E.g., Segal v. American Telephone & Telegraph Co., 606 F.2d 842, 844 (9th Cir.1979); Fed.R.Civ.P. 41(b); see generally 18 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure Sec. 4436 (1981). The dismissal of D.C. No. C.V. S-82-463 cannot prevent Marin from proceeding with D.C. No. Civ. S-83-329.