**In re Salvatore James MARINO and Dolores Carmen Marino, Debtors,**

**Classic Auto Refinishing, Inc., Appellant,**

**v.**

**Salvatore James Marino, Appellee.**

**No. 97–56716.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 1999.

Filed July 9, 1999.

Bert H. Deixler and Lary Alan Rappaport, McCambridge, Deixler, Marmaro & Goldberg, Los Angeles, California, for the appellant.

Simon J. Dunstan, Law Offices of Simon J. Dunstan, Los Angeles, California, for the appellee.

Before: KOZINSKI and FERNANDEZ, Circuit Judges, and COLLINS,[1] District Judge.

FERNANDEZ, Circuit Judge:

Classic Auto Refinishing, Inc., appeals from the Bankruptcy Appellate Panel's determination that Classic's nondischargeability complaint in Salvatore James Marino's Chapter 7 bankruptcy proceeding is barred by the doctrine of res judicata. We reverse.

## BACKGROUND

In 1991, Classic won a $741,000 judgment in a Los Angeles County Superior Court action for fraud and breach of contract against Marino and his wholly owned corporation, Jim Marino Imports, Inc., a luxury auto dealership. The award was reduced to $241,000 after punitive damages were disallowed on appeal. Marino, his spouse, and his corporation then filed Chapter 11 bankruptcy petitions, with the

deadline for filing complaints to determine the dischargeability of debts set for September 10, 1991. *See* 11 U.S.C. § 523(c); Fed. R. Bankr.P. 4007(c). Classic filed an untimely complaint on September 20, 1991, which sought nondischargeability of the debt resulting from the state court judgment. Marino answered that the complaint was not timely and moved to dismiss. The bankruptcy court found that the complaint was filed after the deadline and dismissed "the complaint and this adversary proceeding with prejudice against their reinstitution." That order was appealed by Classic. Both the BAP and we affirmed the order. *See Classic Auto Refinishing, Inc. v. Marino (In re Marino)*, 143 B.R. 728 (9th Cir.BAP 1992), *aff'd*, 37 F.3d 1354 (9th Cir.1994).

Marino's case was later converted to a Chapter 7 proceeding, and a new deadline for filing complaints to determine dischargeability was set for August 22, 1994, in accordance with Fed. R. Bankr.P. 1019(2). On June 8, 1994, Classic filed a new nondischargeability complaint containing the same facts and allegations as the complaint filed in the Chapter 11 case; it subsequently filed an amended complaint on September 12, 1994. Marino moved for summary judgment, claiming that the complaint was barred by res judicata because the first complaint had been dismissed with prejudice. Classic also filed for summary judgment on the ground that the debt was nondischargeable based on the state court judgment.

The bankruptcy court determined that res judicata did not preclude the filing of the complaint in the Chapter 7 case because "the only issue in the [prior] dismissal was whether or not it was timely in the context of the Chapter 11 then pending." Once the case had been converted, the court reasoned, the bankruptcy rules set a new time limit and neither res judicata nor collateral estoppel was applicable. The

1. The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

court then denied Marino's motion and granted partial summary judgment to Classic. The case proceeded to trial, and judgment was entered for Classic. Marino appealed the judgment and the order denying his summary judgment motion. The BAP determined that Classic's second complaint was, indeed, barred by the doctrine of res judicata and reversed. *See Marino v. Classic Auto Refinishing, Inc. (In re Marino),* 213 B.R. 846 (9th Cir.BAP 1997).

## JURISDICTION AND STANDARD OF REVIEW

■ We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review decisions of the BAP *de novo. See McClellan Federal Credit Union v. Parker (In re Parker),* 139 F.3d 668, 670 (9th Cir.1998); *Ardmor Vending Co. v. Kim (In re Kim),* 130 F.3d 863, 865 (9th Cir.1997). "The bankruptcy court's conclusions of law are reviewed de novo and its factual findings for clear error." *In re Kim,* 130 F.3d at 865. That is to say, "[w]e review the bankruptcy court's decision independently, without deference to the BAP." *Beaupied v. Chang (In re Chang),* 163 F.3d 1138, 1140 (9th Cir.1998).

## DISCUSSION

■ Marino argues that a dismissal with prejudice is a dismissal on the merits, even when it is based on the statute of limitations, and, thus, it has res judicata effect in later actions. The nondischargeability complaint in Marino's Chapter 11 proceeding was dismissed with prejudice, even though that dismissal was based on timeliness grounds. Therefore, he says, the Chapter 7 nondischargeability complaint is barred by res judicata. The BAP agreed with Marino's syllogism, but we do not.

■ We, of course, have no quarrel with the general premise that a dismissal with prejudice has res judicata effect. There can be little doubt that a dismissal

with prejudice bars any further action between the parties on the issues subtended by the case. *See Colonial Auto Center v. Tomlin (In re Tomlin),* 105 F.3d 933, 936–37 (4th Cir.1997); *Daewoo Electronics Corp. of America, Inc. v. Western Auto Supply Co.,* 975 F.2d 474, 478 (8th Cir. 1992). As we said in *Concha v. London,* 62 F.3d 1493, 1508 (9th Cir.1995), "[t]he plaintiff is precluded from bringing another action for the same cause" when "the dismissal of his action with prejudice stands." *Id.* at 1508; *see also Himalayan Ind. v. Gibson Mfg. Co.,* 434 F.2d 403, 405 (9th Cir.1970). Those dismissals have res judicata effect because, it is said, they are on the merits, and " '[u]nder res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.' " *Marin v. HEW, Health Care Financing Agency,* 769 F.2d 590, 593 (9th Cir.1985).

■ Statutes of limitations do present a variation on that theme because they are not on the merits in the sense that the underlying substantive claim has been adjudicated. Rather, the passage of time precludes testing whether the claim would otherwise have been valid. Nevertheless, for res judicata purposes a dismissal on statute of limitations grounds can be treated as a dismissal on the merits. *See Ellingson v. Burlington Northern Inc.,* 653 F.2d 1327, 1330 (9th Cir.1981); *see also Suckow Borax Mines Consol., Inc. v. Borax Consol., Ltd.,* 185 F.2d 196, 205 (9th Cir.1950). Indeed, the Restatement has abandoned the "on the merits" terminology because, as it explains, "[i]ncreasingly . . . judgments not passing directly on the substance of the claim have come to operate as a bar." Restatement (Second) of Judgments § 19 cmt. a (1982); *see also* 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4441 (1981); *EFCO Corp. v. U.W. Marx, Inc.,* 124 F.3d 394, 398 (2nd Cir.1997).

Still and all, there is something slightly different about a statute of limitations dismissal, which makes application of res ju-

dicata principles to this case less apodictic than the BAP believed. As we said in another case where there had been a dismissal based upon a statutory time limit, "[e]ven without a determination which is literally on the merits, a denial with prejudice *may* be a final judgment with res judicata effect *as long as the result is not unfair.*" *Marin,* 769 F.2d at 593 (emphasis added). The hedged nature of that statement underscores the discomfort that courts sometimes feel when dealing with application of res judicata to these sorts of facts, a feeling echoed recently by the Second Circuit when it noted: "[c]ommentators stress that to determine the res judicata effect of a prior claim requires examination of 'what was intended by the first decision and what the logical consequences of that decision are.'" *EFCO Corp.,* 124 F.3d at 398. Those are concerns that are particularly applicable to the case at hand, whose unique posture demands a determination that the prior dismissal does not, in fact, have res judicata effect.

In the first place, the conundrum with which we are presented is unique to bankruptcy proceedings. Rarely do we see a situation where a time limitation applies when a first action is filed, but a wholly different time limitation, which did not even exist before, applies when a second action is filed. But that is the case here. The time limitation that applied in the Chapter 11 proceeding was 60 days. *See* Fed. R. Bankr.P. 4007(c). But when Marino's proceeding was converted to a Chapter 7 proceeding, a whole new time limitation sprang into being. *See* Fed. R. Bankr.P. 1019(2). No one doubts that any creditor who failed to file in the Chapter 11 proceeding could now file in the Chapter 7 proceeding. We do not often encounter that kind of creature in the law. It is no griffin, but it *is* a rara avis.

Therefore, there is little reason to hold that even the adjudicated time bar to going forward in the Chapter 11 proceeding should have any effect whatsoever in the new Chapter 7 proceeding. That is highlighted by the fact that when the bankruptcy court dismissed the nondischargeability complaint in the Chapter 11 proceeding, it did not use typical dismissal language, but spoke in more constricted terms: "the complaint and *this* adversary proceeding shall be ... dismissed with prejudice *against their reinstatement.*" (Emphasis added.) That amphilogism suggests that the bankruptcy court might well have been using "with prejudice" without the intent to impose the kind of finality that the phrase often connotes. The Fourth Circuit has suggested that often happens and that it requires later courts to construe the true meaning of the phrase in context. *See In re Tomlin,* 105 F.3d at 938–41. This case illustrates the point.

When the res judicata issue was before the bankruptcy judge, he made it plain that he did not intend to bar a later filing in some later action when he dismissed the first filing with prejudice. In fact, he was rather appalled at the idea that his prior dismissal could be read that way. He stated that "[t]he only issue was whether or not [the prior complaint] was timely in the context of the Chapter 11 then pending." It "couldn't possibly" bar the new complaint in the Chapter 7, said he. That rare insight into the true meaning of the order demonstrates why application of res judicata would be inappropriate here. *Id.* at 941.

Beyond that, the springing up of a wholly new period for filing claims draws upon still another well known facet of statute of limitations law. The time bar does not in any way suggest that the substantive claim is not meritorious, or even that it ceases to be a continuing moral obligation. On the contrary, it is a venerable principle that a statute of limitations "does not operate to extinguish the debt ... but it only bars the remedy...." *McCormick v. Brown,* 36 Cal. 180, 184 (1868); *see also* Laurence P. Simpson, Handbook of the Law of Contracts, 124–29 (1954). It is for

that reason that a later reaffirmation of the obligation can, in effect, resurrect it and start a whole new statute of limitations period running. *See, e.g.,* 54 C.J.S. *Limitations Of Actions* §§ 252–268 (1987); 51 Am.Jur.2d *Limitation Of Actions* §§ 319–391 (1970). The conversion of a Chapter 11 proceeding to a Chapter 7 proceeding is not unlike a reaffirmation of a debt because it, too, gives the holder of a still extant claim a new period during which the holder may seek to enforce it. That recognizes that the claim itself has not vanished, but, simply, that no remedy existed before the conversion took place.

Therefore, we must agree with the bankruptcy court and with the dissenting BAP judge that dismissal of the complaint in the now defunct Chapter 11 proceeding did not bar filing of a complaint in the newborn Chapter 7 proceeding.[2]

## CONCLUSION

We conclude that when Classic's nondischargeability complaint was dismissed in Marino's Chapter 11 proceeding solely because it was filed too late, that dismissal did not create a res judicata bar to filing of a new nondischargeability complaint in Marino's new Chapter 7 proceeding. In so doing, we do not subject res judicata law to a bouleversement. We only hold that in the unique world of the bankruptcy rules the particular facts of this case require a determination that Classic was able to press its new complaint.

REVERSED.[3]

---

**2.** We have not overlooked the parties' (and the BAP's) comments about policy. Marino and the BAP speak of the policy encouraging creditors to lie low in Chapter 11 proceedings, or at least to eschew being adversarial in those proceedings. Classic speaks of a policy which should treat all creditors equally and should not discourage creditors from attempting to assert their Chapter 11 rights. We see

no need to pother about which of those is the better policy. Suffice it to say that neither is made obvious by the rules themselves, and neither is part of the res judicata alchemy.

**3.** Of course, our reversal of the BAP opinion acts as an affirmance of the bankruptcy court's judgment of March 6, 1996.