Thomas A. CRAIG, Plaintiff,

v.

COUNTY OF MAUI, et al., Defendants.

No. CIV0000768DAELEK.

United States District Court,

D. Hawai'i.

Aug. 1, 2001.

James H. Fosbinder, Fosbinder & Fosbinder, Kahului, HI, for Thomas A. Craig, plaintiff.

Victoria J. Takayesu, Office of the Corporation Counsel–Maui, Wailuku, Maui, HI, Blaine J. Kobayashi, Department of the Corporation Counsel, County of Maui, Wailuku, HI, for Maui, County of, David Craddick, John Does 1.5, inclusive, defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR STAY OF PROCEEDINGS

DAVID ALAN EZRA, Chief Judge.

The court heard Defendants' Motion on July 31, 2001. James H. Fosbinder, Esq., appeared at the hearing on behalf of Plaintiff; Deputy Corporation Counsel Blaine J. Kobayashi appeared at the hearing on behalf of Defendants. After reviewing the Motion and the Supporting and Opposing Memoranda, the court DENIES Defendants' Motion for Summary Judgment, or in the Alternative, for Stay of Proceedings.

### BACKGROUND

This case arises out of an employment dispute. Plaintiff Thomas A. Craig ("Plaintiff") was employed by Defendants County of Maui and David Craddick, the Director of the Department of Water Supply, County of Maui ("Defendants"). Through his Complaint filed with this court on November 27, 2000, Plaintiff alleges that he was wrongfully terminated from his employment on January 31, 2000. To that end, Plaintiff contends that Defendants discriminated against him based on his disability, and also because Plaintiff vocally opposed the Defendant County's alleged safely violations.[1]

Previously, Plaintiff had filed suit in Hawaii State Court on June 15, 1999, as amended on March 31, 1999. In that suit, Plaintiff alleged discrimination and retaliation on the basis of his disability, in violation of Hawaii Revised Statutes §§ 378–2(1)(a)–2(2) and 378–62. Plaintiff further alleged both intentional and negligent infliction of emotional distress. A motion for summary judgment was set to be heard in June of 2000.

On June 15, 2000, Plaintiff filed a Motion for Continuance of that Summary Judgment Motion. In his Motion for Continuance, Plaintiff stated that he had been terminated from his employment in January 2000, and that the termination arose out of the same set of circumstances as those alleged in the pending action.

The state court denied Plaintiff's Motion for Continuance, but did allow a one-week extension. The state court held the hearing on Defendants' Motion for Summary Judgment on July 5, 2000. At that hearing, the state court granted Defendants' Motion on the basis that the statute of limitations had run.

Following these events, Plaintiff filed charges with the Equal Employment Op-

---

1. More specifically, Plaintiff alleges retaliation, discrimination, wrongful termination, and intentional infliction of emotional distress. His claims are brought pursuant to 42 U.S.C. § 1983, for alleged violations of the First and Fourteenth Amendments, 42 U.S.C. § 12101 et seq. (Americans with Disabilities Act), and state law. Plaintiff requests injunctive and declaratory relief, compensatory damages, punitive damages, prejudgments interest, attorney's fees, and costs of suit.

portunity Commission ("EEOC") on July 25, 2000. The EEOC issued Plaintiff a right to sue letter on August 29, 2000. Plaintiff then filed his Complaint with this court based on the January 31, 2000 termination.

Defendants filed this Motion for Summary Judgment on May 18, 2001, arguing Plaintiff is barred by res judicata. Plaintiff filed his Memorandum in Opposition on July 12, 2001. Defendants filed their Reply Memorandum on July 20, 2001.

### STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The moving party has the initial burden of "identifying for the court those portions of the materials on file in the case that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support its legal theory. *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 282 (9th Cir.1979). The opposing party can neither stand on its pleadings, nor can it simply assert that it will be able to discredit the movant's evidence at trial. *See T.W. Elec. Serv.,* 809 F.2d at 630; Fed. R.Civ.P. 56(e). In a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party. *State Farm Fire & Casualty Co. v. Martin,* 872 F.2d 319, 320 (9th Cir.1989).

### DISCUSSION

Defendants argue that Plaintiff is barred from bringing this suit under the doctrine of res judicata. Plaintiff could have and should have, Defendants argue, amended his State court Complaint to include his termination in his state suit. Because he did not do so, Defendants continue, Plaintiff is now barred here. Plaintiff, of course, does not agree. The court finds that res judicata does not apply here.

■■■ The doctrine of res judicata prevents parties from litigating an action in a court if the claim or the issues have already been decided by a court of competent jurisdiction. *Santos v. State of Hawaii,* 64 Haw. 648, 651–52, 646 P.2d 962 (1982); *Pedrina v. Chun,* 906 F.Supp. 1377, 1398 (D.Haw.1995). The bar works for claims and issues that were actually litigated in the first action, and also claims and issues which could have been litigated and decided in the first action. *Santos,* 64 Haw. at 652, 646 P.2d 962. The purpose behind res judicata is to ensure judicial economy, consistent results, and to increase public reliance on judicial pronouncements. *Id.*

■■■ There are two types of preclusion-claim preclusion and issue preclusion. *Pedrina,* 906 F.Supp. at 1399. Issue preclusion is a doctrine that may be used in a later action which encompasses a completely different claim. *Id.* Issue preclusion is not applicable here, in that although this is a later action, the claims are not completely different.

■■■ Claim preclusion, on the other hand, prevents a plaintiff from bringing subsequent suits in which the claim made has already been litigated, or in which the claim could have been litigated. *Pedrina,* 906 F.Supp. at 1399. That is, that the plaintiff had a full and fair opportunity to raise the claim in a previous suit precludes him from raising it in a later suit. *Id.* The requirements for valid claim preclusion are: (1) the present claim could have been

or was asserted in an earlier action; (2) the parties are the same as, or are in privity to, the parties in the earlier action; and (3) final judgment was entered in the first action. *Id.*

The court is slightly bemused by the way this case has unfolded. At first blush, it does seem a perfect case for the doctrine of res judicata. A closer look, however, tells a different story.

There appears to be no dispute over the fact that the parties are the same here as they were in the first action. The other two prongs of the test, however, require closer inspection.

■ First, the judgment entered by the State court was final, even though it was on the basis of a statute of limitations bar, and not the substantive merits of the case. *See In re Marino,* 181 F.3d 1142, 1144 (9th Cir.1999) (stating that dismissal on statute of limitations grounds is treated as dismissal on merits for purposes of res judicata). But as the Ninth Circuit recently elucidated, "there is something slightly different about a statute of limitations dismissal."

In that case (*Marino*), that "something slightly different" made it unfair to place a res judicata effect on the judgment. *Id.* at 1144–45. Therefore, the court clarified, in those situations in which it would be unjust to apply a res judicata effect to a statute of limitations decision, the court need not do so. *Id.* at 1145.

That reasoning applies here as well. This court finds it would be unjust to allow a statute of limitations decision to bar a claim of wrongful termination that occurred only nine months prior to the filing of the Complaint. *See also EFCO Corp. v. U.W. Marx, Inc.,* 124 F.3d 394, 398 (2d Cir.1997) (stating that "to determine the res judicata effect of a prior claim requires examination of what was intended by the first decision and what the logical consequences of that decision are" (internal cita-

tions omitted)); *Marin v. Hew, Health Care Financing Agency,* 769 F.2d 590, 593 (9th Cir.1985) (stating that "[e]ven without a determination which is literally on the merits, a denial with prejudice may be a final judgment with a res judicata effect as long as the result is not unfair"). Thus, here, as in *Marino,* "unique posture demands a determination that the prior dismissal does not, in fact, have res judicata effect." *Marino,* 181 F.3d at 1144.

■ Second, the court finds itself in a quandary over another prong of this test: whether the present claims *could* in fact have been asserted in an earlier action. Plaintiff did attempt to continue the hearing in order to amend his Complaint. The state court disallowed the continuance. Moreover, the state court determined that the continuing violations doctrine did not apply to the earlier allegations. This meant that the January 2000 termination was adjudged to be a separate and distinct matter. Plaintiff was then obligated to file a separate EEOC Complaint, which he did. This separate EEOC Complaint took time to file and process. Under these facts, Plaintiff could not have brought this claim in his state court action. He was, in fact, effectively precluded from doing so.

■ Furthermore, under Hawaii law, the defense of res judicata is deemed to have been waived by the defendant where the first suit did not include the subject matter of the second at the insistence of the defendant. *See Solarana v. Industrial Electronics, Inc.,* 50 Haw. 22, 428 P.2d 411, 414 (1967) (stating that "Defendant is not in a position to invoke [res judicata] in the second action when at its insistence the first action was narrowly limited"). That is precisely the case here.

■ Here, in state court, Plaintiff attempted to bring his termination claim into the suit. He filed a Motion for Continuance for that very purpose. Defendants objected to that Motion, and argued that

the claim was not related enough to the one pending before the state court. The state court agreed, and therefore precluded Plaintiff from amending his Complaint to include his January 2000 termination. Because Defendants argued in state court that this claim is not closely enough related to Plaintiff's state court claims, Defendants are deemed to have waived the res judicata defense here. *Id.* It would be, after all, inequitable to preclude Plaintiff from *ever* bringing this claim to resolution in court when he attempted to do so and was disallowed.

## CONCLUSION

For the reasons stated above, the court DENIES Defendants' Motion for Summary Judgment, or in the Alternative, for Stay of Proceedings.

IT IS SO ORDERED.