David L. **DILETTOSO**, Plaintiff–Appellant,

v.

John E. **POTTER**, Postmaster General, United States Postal Service, Defendant–Appellee.

David L. Dilettoso, Plaintiff–Appellant,

v.

John E. Potter, Postmaster General, United States Postal Service, Defendant–Appellee.

Nos. 04–17285, 06–15328.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2007.

Filed July 17, 2007.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cheri McCracken, Esq., Franzula M. Bacher, Phoenix, AZ, for Plaintiff-Appellant.

Michael R. Arkfeld, AUSA, USPX-Office of the U.S. Attorney, Phoenix, AZ, Timothy C. Stutler, Esq., USSD-Office of the U.S. Attorney, San Diego, CA, for Defendant-Appellee.

Before: B. FLETCHER, SILER,* and HAWKINS, Circuit Judges.

## MEMORANDUM **

David L. Dilettoso ("Dilettoso"), a long-time United States Postal Service ("USPS") manager, appeals the grants of summary judgment to USPS in Dilettoso's second and third Title VII actions against USPS,[1] alleging employment discrimination, retaliation, and a hostile work environment. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Second Title VII Action (District Court Case No. 01–02522)

The district court did not err in granting summary judgment to USPS in Dilettoso's second Title VII action for the following reasons as well as for those set forth in the district court's October 15, 2004 order.

### A) Res Judicata

Dilettoso's discrimination and retaliation claims based on discrete instances in 1996 and 1997 are barred by res judicata. Title VII's exhaustion requirement is akin to a statute of limitations, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), and summary judgment based on a failure to exhaust constitutes a judgment on the merits, *see Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir.2005),

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. In Dilettoso's first Title VII claim against USPS (in 1997), the district court granted summary judgment to USPS, concluding that

Dilettoso had failed to timely exhaust his administrative remedies and, alternatively, had failed to present any evidence to create a genuine issue of material fact as to his discrimination claims. Although Dilettoso now appeals only his second and third Title VII suits, the circumstances surrounding his first suit remain relevant and the facts from all three cases overlap significantly.

absent a showing of unfairness, *In re Marino,* 181 F.3d 1142, 1145 (9th Cir.1999).

Because Dilettoso has demonstrated no unfairness, res judicata bars consideration of those claims which were—or could have been—brought in his first case. Furthermore, even if not barred by res judicata, Dilettoso's discrimination and retaliation claims based on discrete instances in 1996 and 1997 were time-barred when he brought suit in 2001 and we therefore would be powerless to resolve them. 42 U.S.C. § 2000e–16(c).

■ Res judicata also bars consideration of events that were—or could have been—raised in Dilettoso's first discrimination case for purposes of his hostile work environment claim in the second case. *Gregory v. Widnall,* 153 F.3d 1071, 1074 (9th Cir.1998).

### B) Temporary Reassignment

■ Dilettoso failed to present direct evidence or "specific and substantial" circumstantial evidence that USPS's non-discriminatory reason for canceling his temporary reassignment to the Rio Salado facility was pretext. *See Vasquez v. County of L.A.,* 349 F.3d 634, 642 (9th Cir.2003). Dilettoso presents no evidence to create a triable issue as to whether the temporary assignment was cancelled due to complaints from his fellow employees, as USPS asserts.

### C) Exhaustion

■ Dilettoso failed to exhaust his administrative remedies as to any discrimination or retaliation claims arising from dis-

crete instances occurring between April 13, 1998 and December 2001.[2]

### D) Hostile Work Environment

■ Dilettoso has waived any hostile work environment claim in light of his failure to include in his opening brief his contentions and reasoning along with citations to authority and to relevant parts of the record. *See* Fed. R.App. P. 28(a)(9)(A). *Greenwood v. F.A.A.,* 28 F.3d 971, 977 (9th Cir.1994). Even if not waived, the district court correctly concluded that Dilettoso presented no evidence showing that any allegedly retaliatory conduct was "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." *Ray v. Henderson,* 217 F.3d 1234, 1245 (9th Cir.2000) (internal quotation marks omitted).

### II. Third Title VII Action (District Court Case No. 04–00566)

The district court did not err in granting summary judgment to USPS in Dilettoso's third Title VII action for the following reasons as well as for those set forth in the district court's January 26, 2006 Order, 2006 WL 197146.

### A) Causal Link & Pretext

■ Dilettoso is unable to establish retaliation because he fails to demonstrate the requisite causal link between any adverse employment actions and his protected activity. *See id.* at 1240. In this case, the temporal proximity of adverse employment actions, taken alone, is insufficient to

---

**2.** Dilettoso does not challenge the substance of the district court's exhaustion determination, contesting only its alleged refusal to consider these unexhausted claims as part of his hostile work environment claim. Dilettoso does not specify where the district court re-

fused to consider such evidence as part of Dilettoso's hostile work environment claim and it is not immediately apparent from the record. In any event, as discussed below, Dilettoso's hostile work environment claim fails.

establish causality.[3] *See Porter v. Cal. Dep't of Corr.,* 419 F.3d 885, 895 (9th Cir. 2005) (temporal proximity does not establish causation, but is simply evidence upon which an inference of causation may be based); *see also Coszalter v. City of Salem,* 320 F.3d 968, 978 (9th Cir.2003) (summary judgment may be appropriate if the totality of facts fail to establish the requisite causal link). Furthermore, even if Dilettoso were able to establish a causal link, he presents insufficient evidence to create a triable issue as to whether USPS's non-retaliatory justification was pretext. *See Ray,* 217 F.3d at 1240.

## B) Hostile Work Environment

To the extent his hostile work environment argument is not waived on appeal for failure to adequately brief his contentions with citations to authority and to relevant parts of the record, *see* Fed. R.App. P. 28(a)(9)(A), the district court correctly determined that the evidence presented was not sufficiently "severe or pervasive" to create a triable issue as to whether he was subject to a hostile work environment. *Ray,* 217 F.3d at 1245.

## C) Mixed Motive

■ Finally, even under the less burdensome mixed-motive framework, Diletto-

so fails to present evidence that a "discriminatory reason more likely than not motivated" any adverse actions. *Dominguez–Curry v. Nevada Transp. Dept.,* 424 F.3d 1027, 1037 (9th Cir.2005).

## III.  Additional Alleged Errors

Dilettoso cursorily raises twenty-eight additional errors allegedly made by the district court. Upon review, twelve[4] of these alleged errors are inadequately briefed and argued to permit consideration on appeal, *Greenwood,* 28 F.3d at 977; seven[5] have already been addressed; and the remaining nine[6] identify no reversible error.

## IV.  Consolidation

■ The district court did not abuse its discretion in not consolidating Dilettoso's second and third Title VII actions because the government's summary judgment motion in the second case had already been fully briefed and submitted for decision prior to Dilettoso's request. Consolidation at that point would have only caused needless delay and inconvenience. *See In re Adams Apple,* 829 F.2d 1484, 1487 (9th Cir.1987); *Huene v. United States,* 743 F.2d 703, 704 (9th Cir.1984).

---

**3.** Dilettoso challenges the district court's consideration of only two adverse employment actions. However, the district court correctly concluded that Dilettoso failed to provide sufficient evidence that any additional challenged actions were "materially adverse" and properly exhausted. *See Burlington N. & Santa Fe Ry. Co. v. White,* —— U.S. ——, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006). On appeal, Dilettoso similarly fails to create a triable issue as to whether his remaining allegations rise to the level of adverse employment actions because he fails to submit sufficient argument or evidence that they were "materially adverse." *See id.*

Dilettoso also contends that the district court adopted an overly narrow view of pro-

tected activity, which prevented it from properly analyzing the causal link prong of the Title VII framework. However, the district court specifically noted Dilettoso's *virtually continuous* protected activity and Dilettoso fails to identify what protected activity was allegedly not considered by the district court or how its consideration would have altered the temporal proximity analysis.

**4.** Numbers 2–8, 13, 17–18, 25, and 28.

**5.** Numbers 9, 15–16, 19–20, 22, and 27.

**6.** Numbers 1, 10–12, 14, 21, 23–24, and 26.

## V. Conclusion

These appeals ultimately trace back to extremely serious—but never proven—allegations by a subordinate employee against Dilettoso in 1996. Since that time, Dilettoso has justifiably sought to clear his name. In the ensuing years, however, USPS has been confronted with additional allegations both by and against Dilettoso. Although USPS's investigation of the allegations against Dilettoso was undoubtedly lengthy and extremely cautious, our careful review of the record indicates it was justified by USPS's legitimate interest in fleshing out serious allegations of improprieties by a senior supervisor in his dealings with subordinate employees. For the reasons set forth above and in the district court's orders, Dilettoso's claims that these investigations—along with other contemporaneous USPS actions—constituted discrimination and retaliation, and created a hostile work environment, are either not cognizable or do not raise any genuine issues of material fact and USPS was properly awarded summary judgment in both cases.

**AFFIRMED.**